1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

**Michael Dwayne Johnson,**
Petitioner
-vs-
**Mary Hennessy, et al.,**
Respondents

CV-06-1583-PHX-MHM (JI)

**REPORT & RECOMMENDATION**
**On Petition for Writ of Habeas Corpus**
**Pursuant to 28 U.S.C. § 2254**

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Winslow, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 21, 2006 (#1). Respondents filed have an Answer (#19) and a Supplemental Answer (#25) and Petitioner has filed a Reply (#21) and Supplemental Reply (#26).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

On March 24, 2001, Petitioner was pulled over for driving on a suspended license. A search incident to arrest revealed that Petitioner had in his pocket a vial with thirty-four rocks of crack cocaine. Evidence was disputed whether one of the officers also located a clear plastic tube in the trunk of Petitioner's car. Several weeks later, on April 6, 2001, Petitioner was observed conducting an apparent drug sale. On arrival of the officers,

Petitioner threw down a vial with crack cocaine, and was found to possess $524 in currency separated by denominations in various pockets. (Exhibit O, Mem. Dec. at 5-7.) (Exhibits to the Answer (#19) (Exhibits A to AA) and the Supplemental Answer (#25) (Exhibits BB to NN) are referenced herein as "Exhibit ___".)

**B. PROCEEDINGS AT TRIAL**

Based on the two incidents Petitioner was indicted on July 10, 2001 on two counts each of possession of narcotics for sale and possession of drug paraphernalia, i.e. the plastic vials. (Exhibit A, Indictment.) The state filed an Allegation of Historical Priors (Exhibit BB), asserting that Petitioner has been convicted in seven prior prosecutions. The state also filed an Allegation of Amount of Drugs (Exhibit CC), asserting that the quantity of drugs possessed by Petitioner exceeded the statutory threshold amount for heightened sentencing under Ariz. Rev. Stat. §§ 13-3408(D) and 13-3419.

**Counsel** - Counsel Joanne Cuccia was appointed, but at the initial pretrial conference on September 17, 2001, Petitioner filed a Motion for Pro Per Status and Appointment of Advisory Counsel, and waived his right to counsel. (Exhibit B, Motion; and Exhibit C, Waiver.) The motion to proceed *pro per* was granted, and attorney Cuccia was ordered to serve as advisory counsel. Trial was set for six weeks later, on October 30, 2001. (Exhibit D, M.E. 9/11/01.)

Approximately two weeks later, Petitioner filed a motion for appointment of new advisory counsel, appointment of an investigator, and for an order directing advisory counsel to turn over the discovery in her possession. Petitioner complained of limited contact with counsel, that resulted in arguments. (Exhibit E.) Oral argument was held October 24, 2001, the motion was granted, and attorney Corwin Townsend was appointed as advisory counsel, and an investigator was authorized. (Exhibit F, M.E. 10/24/01.)

Petitioner filed a Motion to Compel, which in part complained that he had not been contacted by attorney Townsend. In a Minute Entry issued December 4, 2001, advisory counsel was directed to contact Petitioner within three days of receipt of the minute entry.

(Reply, #21, Exhibit D, M.E. 12/4/01.)

On December 13, 2001, Petitioner filed a Motion to Dismiss Counsel and Appointment of New Counsel.  Petitioner argued that appointed counsel had been unavailable, and had failed to arranged for the investigator to visit Petitioner. (Exhibit G.) Petitioner concluded that "at this time he cannot defend his [sic] self in this matter so defendant ask this court to appoint new counsel to take over in this matter." (*Id.* at 2.)  The motion was heard January 4, 2002 at a status conference, the motion was granted, and advisory counsel Townsend was appointed to represent Petitioner.  A new firm trial date of January 15, 2002 was set.  (Exhibit H, M.E. 1/4/02.)

**Plea Offer** - On January 9, 2002, Petitioner entered into a written plea agreement with the prosecution, providing for Petitioner to plead guilty to an amended count 1, for attempted possession for sale with one prior felony, and a presumptive sentence of 6.5 years.  The prosecution agreed to dismiss the remaining charges, and the allegation that the amount possessed was over statutory thresholds for enhanced sentencing and to not allege any other priors.  Petitioner agreed that he would be sentenced to prison.  (Exhibit EE; Reply, #21 at Exhibit G.)  On January 11, 2002, Petitioner entered his plea of guilty.  (Exhibit FF, M.E. 1/11/02.)

On February 7, 2002, Petitioner withdrew his plea and the plea agreement was not consummated.  (Exhibit GG, M.E. 2/7/02. *See* Exhibit N, Supplemental Petition at 3.)

**Motion Regarding Counsel** - According to jail visitation records supplied by Petitioner, counsel met with Petitioner at the jail for one hour, 37 minutes on January 9, 2002, and for and hour and 21 minutes on March 6, 2002.  (Reply, #21, Exhibit C.)

Nonetheless, Petitioner proceeded to file various motions on his own, including a motion to dismiss. The trial court addressed the motions, but admonished Petitioner that it would not continue  to address motions not filed by counsel, and inquired whether Petitioner wished to again waive counsel.  (Supp. Reply, #26, Exhibit CC, R.T. 3/7/02 at 10-11.) Petitioner requested to waive counsel and again represent himself.  (*Id.* at 14.) Trial counsel alerted the trial court to disputes with Petitioner over the viability of a motion to suppress,

1  and the advisability of the plea agreement Petitioner had rejected.  (*Id.* at 12-14.)  The Court

2  set the waiver of counsel for hearing on March 11, 2002, and requested trial counsel to

3  consult with Petitioner.  (*Id.* at 14, 16.)  At that hearing, Petitioner withdrew his request to

4  waive counsel and proceed pro per.  (Repy, #21 at 9-10.)

5          At a status conference on April 2, 2002, Petitioner requested appointment of new

6  counsel, and argued it to the court:

7                    THE DEFENDANT: Excuse me, Your Honor.  I have a
       motion here, that I want to turn it in, for appointment of new counsel.
8                    MR. TOWNSEND: No.
                    THE DEFENDANT: I can't turn it in.
9                    MR. TOWNSEND: I told him he has a lawyer, so I am
       not going to file it.
10                    THE DEFENDANT: I would like to turn it in for the
       record.
11                    THE COURT: You may file it.  You are asking for a new
       lawyer?
12                    THE DEFENDANT: Yeah.
                    THE COURT: Why.
13                    THE DEFENDANT: Because we are supposed to be
       going to trial today, and I haven't talked to my lawyer since the last
14       court date.  I don't even have witnesses.
                    MR. TOWNSEND: Judge, I am not going to go into the
15       facts of the case, Judge.  Again, I discussed these things with Mr.
       Johnson over and over again.
16                    THE DEFENDANT: This is the first time we talk about
       the case when we come to trial.  When we come to court, this is the
17       only time we talk.
                    THE COURT: All right.
18                    THE DEFENDANT:  He don't come see me.  I don't
       know what our defense is.  We don't discuss the case nowhere.
19                    THE COURT: Motion for new counsel is denied.

20  (Reply, #21, Exhibit I, R.T. 4/2/02 at 3-4.)

21          **Trial** - Trial ultimately commenced two days later, on April 4, 2002.  Petitioner filed

22  a series of motions in limine, only one of which was successful.  (Exhibit I, M.E. 4/4/02.)

23  Petitioner admitted to a sentencing enhancement based upon possession of a statutory

24  threshold amount of drugs, and the reference to the amount was stricken from the indictment.

25  (*Id.*; Exhibit O, Mem. Dec. at 4.)  A suppression hearing was held on April 6, 2002, and the

26  Court concluded to allow Petitioner to be impeached with three of his prior convictions.

27  (Supp. Reply, #26, Exhibit FF, R.T. 4/6/02 at 10.)  Petitioner testified in his own behalf,

28  arguing that all drugs were possessed for his own personal use, and not for sale and that the

cash in his possession had come from relatives.  (Exhibit O, Mem. Dec.  at 6-7.)  Petitioner was convicted on all counts.  (Exhibit K, M.E. 4/9/02.)

Petitioner filed a *pro per* motion for new trial, asserting ineffective assistance of counsel.  The trial court rejected the claim as properly raised only in a post-conviction proceeding.  (Exhibit O, Mem. Dec. at 7-8.)

**Sentencing** - Petitioner appeared for sentencing on May 30, 2002.  Pursuant to Ariz. Rev. Stat. § 13-604, the trial court found that Petitioner had been convicted of two historical prior felony offenses, and sentenced Petitioner to presumptive terms on each count, including 15.75 years on each of the two possession-for-sale counts, and 3.75 years on each of the paraphernalia counts, with each sentence to run concurrently. (Exhibit L, Sentence of Imprisonment.)

## C.  PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a direct appeal through counsel, Spencer Heffel.  Petitioner wrote the Public Defender's office, asking for counsel to seek a delay in the appeal process, to allow him to first pursue a petition for post-conviction relief asserting ineffective assistance of trial counsel.  (Supp. Reply, #26, Exhibit AA.)

Instead, counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and related state authorities, asserting he had been unable to find an issue for appeal, but noting that Petitioner had requested that he raise a claim that the reasonable doubt instruction was erroneous.  (Exhibit M, Opening Brief.)  Petitioner was granted leave to file a supplemental brief, which he did.  (Exhibit O, Mem. Dec. at 2.)

Petitioner's Supplemental Brief, dated February 10, 2003,  asserted the following ten claims: (1) ineffective assistance of counsel; (2) denial of appellate counsel; (3) denial of right to counsel; (4) ineffective assistance resulting in a denial of compulsory process; (5) denial of fair trial; (6) improper use of stale conviction for impeachment; (7) failure to sanitize priors; (8) failure to hold hearing on motion to dismiss; (9) prosecutor's misstatement of facts in closing; and (10) prosecutor's vouching.  (Exhibit  N at Issues Presented.)

In a Memorandum Decision issued June 5, 2003, the Arizona Court of Appeals declined to consider Petitioner's ineffective assistance claims, finding they should be raised in a post-conviction relief proceeding, and denied the remainder of the grounds for appeal. Petitioner's convictions and sentences were affirmed. (Exhibit O, Mem. Dec.)

Petitioner did not seek review by the Arizona Supreme Court. (Petition, #1 at 2.)

## D.  PROCEEDINGS ON POST-CONVICTION RELIEF

**Trial Court** - On July 10, 2003, Petitioner filed his Notice of Post-Conviction Relief (Exhibit P). Petitioner was appointed counsel, Thomas Gorman, who filed a notice of inability to find issues for review. (Petition #1 at 11.) The Court granted Petitioner leave to file a *pro per* petition for post-conviction relief, and directed counsel to remain in an advisory capacity. (Exhibit LL, M.E. 12/17/03.)

On December 31, 2003, Petitioner filed a Motion (Exhibit HH) seeking transcripts of various hearings, and an extension of time to file his petition.

On February 5, 2004, he filed a second motion to extend (Exhibit II), arguing that PCR counsel had failed to forward trial counsel's files to Petitioner. At the same time, he filed a motion (Exhibit JJ) asking the PCR court to compel PCR counsel to forward trial counsel's file, and for appointment of an investigator. He also filed a separate motion to extend (Exhibit KK), arguing that he had been transferred to a new prison.

One day later, on February 6, 2004, Petitioner filed his *pro per* Petition for Post-Conviction Relief (Exhibit Q), asserting the following ten claims:

(1) ineffective assistance through failure to investigate defenses (*id.* Part 1 at 3);

(2) ineffective assistance in presenting defense (*id.* at 16);

(3) denial of right to compulsory process (*id.* Part 2 at 1);

(4) denial of right to counsel (*id.* at 4);

(5) insufficient evidence of priors used for sentence enhancement (*id.* at 13);

(6) perjury by Petitioner and officers (*id.* at 15);

(7) denial of right to self-representation (*id.* at 19);

1   (8) counsel's failure to inform of plea offer (*id.* Part 3 at 1);

2   (9) ineffective assistance from failure to sever and object (*id.* at 2);

3   (10) insufficient evidence of possession for sale (*id.* at 3).

4   (*See* Supp. Reply, #26, Exhibit GG, Docket (reflecting filing date).)

5        The state responded on March 16, 2004, arguing the merits of Petitioner's claims, and

6   arguing that Petitioner was precluded under Ariz. R. Crim. P. Rule 32.2 from asserting his

7   claims based upon  insufficient evidence and failure to prove prior convictions.  The state

8   submitted an Affidavit of trial counsel in support of its claims.  (Exhibit DD, Response.)

9        On March 31, 2004, Petitioner filed a motion requested that his pending motions be

10  heard, and a new motion for expansion of the record.  (*See* Supp. Reply, #26, Exhibit GG,

11  Docket.)

12       The trial court did not rule on the various motions.  (*See* Supp. Reply, #26, Exhibit

13  GG, Docket.)  Instead, on May 25, 2004, the trial court summarily dismissed the Petition,

14  finding that Petitioner's ineffective assistance claims had failed to establish deficient

15  performance.  (Exhibit R, M.E. 5/25/4.)

16       Petitioner filed a Motion for Rehearing (Exhibit W), which was summarily denied.

17  (Exhibit X, M.E. 10/28/04.)  Petitioner sought and obtained leave to file a delayed petition

18  for review.  (Exhibit Y, M.E. 1/17/05.)

19       **Court of Appeals** - Petitioner then sought review by the Arizona Court of Appeals.

20  (Exhibit S, Petition.)  Petitioner asserted six grounds for relief: (1) the trial court erred when

21  it denied his PCR petition without an evidentiary hearing; (2) ineffective assistance of trial

22  counsel, including trial counsel's failure to communicate, to investigate, to consult with

23  Petitioner, to interview witnesses and defenses, to pursue suppression,  present evidence of

24  addiction and possession for use, and to fully inform Petitioner on the plea; (3) Petitioner's

25  plea was not knowing and voluntary; (4) the trial court failed to inquire into reasons for the

26  motion for new counsel; (5) insufficient evidence of prior conviction; and (6) denial of

27  effective PCR and appellate counsel as a result of their failure to assert the substantive claims

28  raised.

1   The state responded, arguing that: (1) trial counsel was not effective; (2) Petitioner's

2   claims of ineffectiveness of appellate and PCR counsel were not raised in the PCR petition,

3   and thus could not be raised on review, and were without merit; (3) the denial of the motion

4   for new counsel was precluded and without merit; (4) claims of insufficient evidence and

5   perjury were precluded and without merit; and (5) the claim of insufficient evidence of prior

6   convictions was precluded and without merit. (Exhibit NN.)

7   The Arizona Court of Appeals summarily denied review.  (Exhibit T, Order 10/17/05.)

8   **Supreme Court** - Petitioner then sought review by the Arizona Supreme Court.

9   (Exhibit U, Petition.)  The state responded summarily on the basis of the arguments asserted

10   below.  (Exhibit MM, Notice of Acknowledgment.)  The Arizona Supreme Court summarily

11   denied review.  (Exhibit V, Order 4/14/06.)

12

13   **E.  PRESENT FEDERAL HABEAS PROCEEDINGS**

14   **Petition** - Petitioner filed the instant Petition for Writ of Habeas Corpus (#1) pursuant

15   to 28 U.S.C. § 2254 on June 21, 2006, asserting the following twelve claims: (1) ineffective

16   assistance of advisory counsel; (2) improper denial of motion for new counsel; (3) ineffective

17   assistance of trial counsel re communication; (4) ineffective assistance of trial counsel re

18   investigation; (5) violation of right to compulsory process; (6) ineffective assistance of

19   appellate and PCR counsel; (7) insufficient evidence of prior convictions; (8) violation of

20   right to due process and fair trial; (9) violation of due process during PCR proceeding; (10)

21   denial of right to self-representation; (11) denial of equal protection; and (12) denial of fair

22   trial.

23   **Answer** - On March 5, 2007 Respondents filed their Answer (#19), asserting defenses

24   of procedural default, and challenging the merits of Petitioner's claims. Respondents concede

25   that Petitioner has properly exhausted his state remedies on his Grounds 1, 2, 3, 4, and 8, but

26   such grounds are without merit. Respondents argue that Petitioner has not properly exhausted

27   state remedies and has now procedurally defaulted on his Grounds 5, 6, 7, 9, 10, 11, and 12.

28   **Reply** - Petitioner filed a Reply on April 9, 2007 (#21), arguing that in the Arizona

State Prison he is denied access to legal research materials or other legal assistance. Petitioner re-urges the merits of the claims which Respondents addressed on the merits.

**Order to Supplement** - On November 6, 2007, the undersigned noted several issues not addressed by the parties, including: (1) the absence from the record of the responses to the PCR petition; (2) the assertion in Ground 3 of an involuntary withdrawal of his guilty plea, and lack of a response and records thereon; (3) the lack of response on Petitioner's claim of cause resulting from an apparently exhausted claim of ineffective assistance of appellate counsel; (4) the apparent exhaustion of Ground 9 and lack of response on the merits, and records related thereto.

**Supplemental Answer** - On November 26, 2007, Respondents filed their Supplemental Answer (#26) arguing that: (1) Ground 3 is without merit because the trial court properly rejected Petitioner's claim of ineffective assistance in the course of his guilty plea withdrawal; (2) any ineffectiveness of counsel did not preclude Petitioner from filing his claims in his *pro se* briefs, thus eliminating any cause from such ineffectiveness; (3) there was sufficient evidence of Petitioner's prior convictions; (4) Petitioner's failure to demand a ruling on his procedural motions to the PCR court resulted in a preclusion of those claims.

**Supplemental Reply** - On December 21, 2007, Petitioner filed a Supplemental Reply (#26), arguing: (1) cause and prejudice as a result of ineffective assistance of appellate counsel, and a denial of access to the courts; (2) Respondents failed to provide transcripts as ordered by this Court; (3) Respondents failed to provide records of a February 7, 2002 minute entry reflecting the trial court's order to counsel to consult with Petitioner on the withdrawal (as opposed to the entry) of his plea, and that counsel failed to consult as ordered; (4) that Petitioner's admission of his prior conviction did not relieve the state of its obligation to provide the prior; (5) Petitioner filed a motion requesting a ruling on his motions to the PCR Court, and again requested a ruling in his PCR reply; (6) the merits of his claims.

//

//

//

### III. APPLICATION OF LAW TO FACTS

**A.  EXHAUSTION AND PROCEDURAL DEFAULT**

**1.  Exhaustion**

Generally, a federal court has authority to review a federal constitutional claim presented by a state prisoner only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)(per curiam); 28 U.S.C. § 2254.  To result in exhaustion, claims must be "fairly presented."  That is, the habeas petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.  28 U.S.C. § 2254; *Picard v. Connor*, 404 U.S. 270, 276-277 (1971).  A claim has been fairly presented to the state's highest court if petitioner has described both the operative facts and the federal legal theory on which the claim is based.  *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003).

"[T]o exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32."  *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th Cir. 1994).   Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court.  This is true even where alternative avenues of reviewing constitutional issues are still available in state court.  *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

"In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 n. 3 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).

Respondents concede that Petitioner has properly exhausted his state remedies on his Grounds 1, 2, 3, 4, and 8, but argue he has procedurally defaulted on his Grounds 5, 6, 7, 9, 10, 11, and 12.

**a. Exhaustion of Ground 5 (Compulsory Process)** - Petitioner asserts in his Ground 5 that his right "to compulsory process to call witnesses and to put forth evidence for my

defense" was violated when advisory and trial counsel failed to cooperate in calling witnesses listed in Petitioner's Notice of Witness List.  Petitioner asserts that this claim was presented to the appeals court and in his Rule 32 PCR petition. (Petition, #1 at 10.) Respondents acknowledge that Petitioner presented this claim in his PCR Petition, citing the Sixth and Fourteenth Amendments.  (Response, #19 at 9 (citing Exhibit Q at 19).) Respondents argue, however, that the claim was not presented in Petitioner's petitions for review to the Arizona Court of Appeals and Arizona Supreme Court.  (*Id.*)  Petitioner does not challenge that assertion.

On direct appeal, Petitioner lists as an issue for review that he was "denied right to compulsory process for obtaining witnesses in defendant's favor." (Exhibit N, Suppl. Opening Brief at Issues.)  However, the substance of his arguments focused on the failings of trial counsel.  He argued "counsel does not possess carte blanche under any and all condition to not call any witnesses in defendant['s] behalf[;] a defendant may not be deprived of his right to have compulsory process." (*Id.* at 8.)  He further argued that "because Judge Martin refused to dismiss [trial counsel] when motion by e defendant, and his failure to inquire into the reason why defendant sought new counsel violated defendant's right to counsel, thereby depriving defendant of the right to compulsory process." (*Id.* at 12.)  Thus, the Arizona Court of Appeals found that, like Petitioner's other claims of ineffective assistance of counsel, this claim was not properly raised on direct appeal.  (Exhibit O, Mem. Dec. at 22.)   Accordingly, this Court cannot find that this claim was properly exhausted by presentation on direct appeal.

In his PCR Petition, Petitioner plainly asserted a federal compulsory process claim, asserting "he was denied the right to compulsory process for obtaining witnesses in his behalf...guaranteed by...the Sixth and Fourteenth Amendment[s] of the United States Const[itution]." (Exhibit Q, Part 2 at 1.)  However, to exhaust his remedies, Petitioner was required to also present the claim to the Arizona Court of Appeals. *Swoopes*, 196 F.3d at 1010.  In his petitions for review to the Arizona Court of Appeals and the Arizona Supreme Court, Petitioner argued only claims of ineffective assistance of counsel, and insufficient

1    evidence of priors.  (*See* Exhibit S, Pet. to Ct. Appls at "(0(3)"; Exhibit U, Pet. To Az. Sup.

2    Ct. at III.)  Those petitions made no mention of a violation of Petitioner's rights under the

3    Compulsory Process Clause of the Sixth Amendment.

4            Accordingly, Petitioner's Ground 5 (Compulsory Process) was not properly

5    exhausted.

6            **b. Exhaustion of Ground 6 (Ineffectiveness of Appellate and PCR Counsel** - For

7    his Ground 6, Petitioner argues that he received ineffective assistance of appellate and PCR

8    counsel.  (Petition, #1 at 11-12.)  Petitioner argues that appellate counsel should have

9    asserted the lack of evidence on his prior convictions, and the failure of the court to inquire

10   into the basis for his motion for new counsel, and the court's choice of Petitioner's

11   ineffective advisory counsel to serve as his trial counsel.  (*Id.* at 11.)  Petitioner argues that

12   PCR counsel was similarly ineffective for failing to assert those claims, and for failing to

13   adequately investigate Petitioner's claims of ineffective assistance of trial counsel.  (*Id.* at

14   11-12.)

15           Respondents acknowledge that these claims were raised in Petitioner's petitions for

16   review in his Rule 32 PCR proceedings, but argue that Petitioner's failure to raise them in

17   the trial court, which when coupled with the appellate courts' failure to address the merits,

18   precludes a finding of exhaustion.  (Response, #19 at 19 (citing *Casey v. Moore*, 386 F.3d

19   896, 916-17 (9th Cir. 2004).)  Petitioner does not counter this argument.

20           Respondents do not support their conclusion.  As discussed hereinafter, failure to

21   present to the trial court does not prevent exhaustion; all that is required is presentation "at

22   all *appellate* stages."  *Casey*, 386 F.3d at 916 (emphasis added)  The failure to present to the

23   trial court may prevent habeas review if it results in the appellate court applying a procedural

24   bar which qualifies as an "independent and adequate state ground".  But Respondents fail to

25   meet their burden of pleading such a ground, and none appears from the summary denial of

26   Petitioner's claims.

27           Not Presented to Trial Court - These claims were not asserted on direct appeal.  (*See*

28   Exhibit N, Suppl. Opening Brief.)  Thus any exhaustion must have occurred in Petitioner's

1  PCR Proceeding.

2  They were not presented in Petitioner's PCR Petition.  (*See* Exhibit Q, PCR Petition.)

3  However, Petitioner did argue in his Petition for Review to the Arizona Court of Appeals that

4  he was "denied counsel on Rule 32 and appeal (ineffective assistance of counsel) because of

5  their failure to file [the issues raised in the petition]."[1]  (Exhibht S, Pet.to Ct. Appls. at Issues

6

7  [1]  As discussed below with regard to Ground 7, Petitioner's state arguments on the insufficiency of evidence of priors were not presented as federal law claims.  Thus, his

8  ineffectiveness claim would have been based upon arguing that appellate counsel was

9  ineffective for failing to argue a state law claim, which although related is not the same as his current unexhausted federal law claim.  As noted above, when the question is whether a

10  federal insufficient evidence claim was fairly presented, the answer is "no" and the shift in authorities makes all the difference.  However, when considered as a basis for an assertion

11  of ineffective assistance, it is not a shift in the legal nature of Petitioner's ineffective

12  assistance claim, but in the facts underlying that claim. Instead of arguing that counsel was ineffective for failing to assert authority X in support of his argument, Petitioner now argues

13  that counsel was ineffective for failing to assert authority Y in support of the same argument.

14  Although a federal habeas petitioner may reformulate somewhat the claims made in state court, *Tamapua v. Shimoda*, 796 F.2d 261, 262 (9th Cir. 1986), *rev'd in part on other*

15  *grounds by Duncan v. Henry*, 513 U.S. 364 1995), the substance of the federal claim must

16  have been "fairly presented" in state court.  *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(per curiam); *Picard v. Connor*, 404 U.S. 270, 278 (1971); *Tamapua*, 796 F.2d at 262.  Thus, a

17  petitioner may not broaden the scope of a constitutional claim in the federal courts by

18  asserting additional operative facts that have not yet been fairly presented to the state courts. While new factual allegations do not ordinarily render a claim unexhausted, a petitioner may

19  not "fundamentally alter the legal claim already considered by the state courts." *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986).  "[N]ew factual allegations do not render a claim

20  unexhausted unless they 'fundamentally alter the legal claim already considered by the state

21  courts.' " *Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir.1994) (quoting *Vasquez*, 474 U.S. at 260).

22  Were the shift in allegations simply one from citing one case to another, then no

23  fundamental alteration would have occurred between the two ineffective assistance claims. However, asking the state court to consider a failure to present a state claim of insufficient

24  evidence is an entirely different creature from asking them to consider counsel's failure to present a federal claim of insufficient evidence.  Arizona permits a prior conviction to be established upon a showing of clear and convincing evidence.

25  [W]e hold that because neither the statute nor *Apprendi* requires a jury

26  trial on the allegation of prior convictions, the heightened burden of

27  proof does not apply but rather prior convictions for sentence enhancement purposes must be established by clear and convincing

28  evidence.

* * *

1   for Review.)  Similarly, Petitioner argued to the Arizona Supreme Court that he was denied

2   effective assistance "in his Rule 32 petition and petition for review appeal." (Exhibit U, Pet.

3   To Az. Sup. Ct. At 9.)

4       Thus, Petitioner failed to present these claims to the PCR court, but did raise them in

5   both levels of appeal from the denial of his PCR petition.  Respondents argue that this is not

6   sufficient.

7       <u>Presentation at Appellate Stages Required</u> - Clearly, if Petitioner had presented his

8   claims for the first time to the Arizona Supreme Court, that would not be sufficient to

9   establish exhaustion.  "Whether a claim is exhausted through a direct appellate procedure,

10  a post-conviction procedure, or both, the claim should be raised at all appellate stages

11  afforded under state law as of right by that procedure." *Casey v. Moore,* 386 F.3d 896, 916

12  (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure,*

13  § 23.3b (4th ed. 1998) ).  Thus, "where the claim has been presented for the first and only

14  time in a procedural context in which its merits will not be considered unless 'there are

15  special and important reasons therefor'...[r]aising the claim in such a fashion does not, for

16  the relevant purpose, constitute 'fair presentation.'" *Castille v. Peoples,* 489 U.S. 346, 351

17  (1989).  Therefore, where a petitioner "raised his federal constitutional claims for the first

18  and only time to the state's highest court on discretionary review, he did not fairly present

19  them." *Casey,* 386 F.3d at 918.

20      <u>Presentation at Trial Court Not Required</u> - There is, however, no comparable federal

21

22          In order to prove a prior conviction, the state must submit positive
            identification establishing that the accused is the same person who
23          previously was convicted, as well as evidence of the conviction itself.
            The proper procedure for establishing a prior conviction is for the state
24          to submit a certified copy of the conviction and establish that the
            defendant is the person to whom the document refers.
25

26  *State v. Cons,* 208 Ariz. 409, 415, 94 P.3d 609, 615 (Ariz. App. 2004).  In contrast, the Ninth

27  Circuit has held that evidence on a prior used to enhance a sentence "is sufficient if, viewing
    the evidence in the light most favorable to the prosecution, any rational trier of fact could

28  have found the fact of the prior conviction beyond a reasonable." *U.S. v. Okafor,* 285 F.3d
    842, 848 (9th Cir. 2002).

1    requirement that the claims be raised at the trial court to be properly exhausted. While

2    presentation "at all *appellate* stages," *Casey*, 386 F.3d at 916 (emphasis added), is clearly

3    required, ordinarily presentation to the trial court is not necessary to exhaustion.  "If the

4    petitioner fails to raise a federal claim at trial (or if the claim was not cognizable at all or did

5    not arise until after trial), the petitioner satisfies the exhaustion requirement by raising the

6    claim on appeal, on a motion for rehearing of the appeal, or even in a delayed appeal."

7    Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure,* § 23.3b (5th ed. 2001).

8        <u>Independent and Adequate State Ground Not Asserted</u> - That does not meant that

9    failure to raise a claim in the trial court cannot resulted in a bar of federal habeas review.

10   "Although the principal [that presentation to the trial court is not required] will overcome any

11   exhaustion problems, a petitioner nonetheless is well-advised to raise available claims at trial

12   if state law so requires, so as to avoid any risk of a 'procedural default' barring federal

13   habeas corpus relief under the independent and adequate state procedural grounds doctrine."

14   *Id.* at § 23.3b n. 19.

15       Thus, Petitioner's failure to raise the claim in the trial court *could* have resulted in the

16   Arizona appellate courts applying a procedural bar, which would constitute an independent

17   and adequate state ground barring federal habeas review.  Arguably it would have been

18   impossible for Petitioner to assert the ineffectiveness of PCR counsel to the trial court in his

19   PCR proceeding, inasmuch as that representation was not then complete.[2]  However, he could

20   have asserted the ineffectiveness of appellate counsel in his PCR petition.  If it is assumed

21   that his failure to do so did not work a failure to exhaust, the question still remains whether

22   the claim can be found to have been properly exhausted.  Arguably, some procedural bar

23   would have presented Petitioner  from raising his claims initially to the appellate courts.[3]

24   _____

25       [2]  Arguably, the appropriate mode of presenting a claim of ineffectiveness of PCR
     counsel would be a subsequent PCR proceeding. *See State v. Pruett*, 185 Ariz. 128, 131, 912
26   P.2d 1357, 1360 (Ariz.App.1995) (when asserting a "claim regarding the effectiveness of the
     attorney representing him on the first petition for post-conviction relief ...the obvious method
27   is by means of a second petition for post-conviction relief").

28       [3]

1    However, Respondents have the initial burden to "adequately ple[ad] the existence of

2 an independent and adequate state procedural ground as an affirmative defense." *Bennett v.*

3 *Mueller,* 322 F.3d 573, 586 (9th Cir. 2003).  Respondents have not argued that Petitioner was

4 procedurally barred under an independent and adequate state ground from asserting his

5 claims initially to the appellate courts, but have simply argued that doing so failed to properly

6 exhaust his claims under *Casey.*  (*See* Response, #19 at 9.)

7    Not Clear State Ground Was Basis for Denial - Even if Respondents asserted the

8 application of a procedural bar by the state courts, "unless the state court makes clear that it

9 is resting its decision denying relief on an independent and adequate state ground, it is

10 presumed that the state denial was based at least in part upon federal grounds, and the

11 petitioner may seek relief in federal court." *Carter v. Giurbino*, 385 F.3d 1194, 1197 (9th Cir.

12 2004).  Here, there was no explicit application of a procedural bar by either appellate court,

13 each having issued a summary denial of the petitions for review.  (Exhibits T & V.)

14 Ordinarily, this Court would look to the last reasoned decision of the state courts, and

15 presume that all subsequent decisions were on the same basis. *Ylst v. Nunnemaker*, 501 U.S.

16 797 (1991).  However, there was never any reasoned decision on Petitioner's claims.

17    "Absent a presumption, 'federal habeas courts must ascertain for themselves if the

18 petitioner is in custody pursuant to a state court judgment that rests on independent and

19 adequate state grounds.'" *Hunter v. Aispuro,* 982 F.2d 344, 347 (9th cir. 1992) (quoting

20 *Coleman v. Thompson*, 501 U.S. 722, 736 (1991)).  Here, there is little in the record to

21 indicate that the Arizona Court of Appeals and Arizona Supreme Court relied on a procedural

22 bar to reject Petitioner's claims.  The conclusory "Denied" provides no clue, and the State

23 argued both the merits and a procedural bar when addressing the claim of ineffectiveness of

24 PCR and appellate counsel in responding to the Petition for Review.  (*See* Exhibit NN,

25 Response at 14-15.)  *See Hunter*, 982 F.2d at 347 (looking to the nature of the post-card

26 denial, and the defenses asserted in response to the federal claims).

27    Conclusion - Thus, the undersigned finds that Petitioner's failure to present the claims

28 in his Ground 6 to the PCR court did not result in a failure to exhaust, and that his

1    presentation to the Arizona Court of Appeals was sufficient to exhaust those claims.

2    **c.  Exhaustion of Ground 7 (Insufficient Evidence of Priors)** - For his Ground 7

3    for relief, Petitioner argues that there was insufficient evidence of the prior convictions relied

4    on to enhance Petitioner's sentence.  Petitioner asserts that he presented this claim to the

5    Arizona Supreme Court on PCR review.  (Petition, #1 at 13.)  Respondents argue that while

6    Petitioner raised a similar claim throughout his PCR proceeding, he failed to cite any federal

7    law in support of the claim.  (Response, #19 at 9-10.)

8         In his Supplemental PCR Petition, Petitioner argued the facts of this claim, but

9    referenced no federal law or constitutional principle.  (Exhibit Q, Part 2 at 13-15.)  Similarly

10   in his Petition for Review to the Arizona Court of Appeals (Exhibit S at 14, 16 [4]), and his

11   Petition for Review to the Arizona Supreme Court (Exhibit U at III [5]), Petitioner failed to

12   raise the claim as a federal one.  In *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir.1999), the Court

13   held that presentation of an "insufficient evidence" claim based on state law was insufficient

14   to raise a federal Due Process claim of insufficient evidence.

15        Accordingly, Ground 7 was not fairly presented, and is not properly exhausted.

16   **d.  Exhaustion of Ground 9 (Due Process re PCR Procedures)** - For his Ground

17   9, Petitioner argues that his due process rights were violated during his PCR proceeding

18   when the court denied his various motions to extend, to appoint investigator, to compel

19   discovery, etc. and then summarily ruled on his PCR petition without holding an evidentiary

20   hearing. (Petition #1 at 15-16.)   Respondents argue, as with Ground 6, that this claim was

21   raised on appeal from Petitioner's PCR proceeding, but because it was not asserted in his

22   PCR petition, it was not properly exhausted.  However, as discussed above in connection

23   with Ground 6, presentation to the trial court is not required, although its absence may result

24   _____

25        [4]  It appears that page 15 of Exhibit S was interposed between pages 14 and 16, although the proper order is not entirely clear.

26        [5]  Petitioner listed the claim in his "Issues Presented to the Supreme Court for
27   Review" (Exhibit U at III), but did not argue the claim in the body of the petition to the
     Arizona Supreme Court. However, presentation to the Arizona Court of Appeals is sufficient
28   for exhaustion purposes. *See Swoopes, supra*.

1  in a procedural bar as a result of the application of an independent and adequate state
2  procedural bar.

3  However, this claim was not fairly presented to the Arizona Court of Appeals as a
4  federal due process claim. Rather, Petitioner simply identified as an issue that the "trial court
5  was in error for summarily dismissing the petition for relief without giving defendant an
6  evidentiary hearing on his allegation." (Exhibit S, Pet. Rev. at "(0(3)".)  In the body of his
7  petition, he simply argued that "the superior court's ruling summarily dismissing
8  defendant['s] petition for relief without having a[n] evidentiary hearing was in error." (*Id.*
9  at 1.)

10  Before the Arizona Supreme Court, Petitioner again identified the issue as "whether
11  trial court was in error for dismissing defendant's petition for relief without evidentiary
12  hearing." (Exhibit U, Pet Rev. at iii.)  Citing state authority, he argued that his allegations
13  of ineffective assistance required a hearing to determine if they were "colorable." (*Id.* at 9.)

14  Accordingly, the undersigned finds that this claim was not fairly presented as a federal
15  due process claim, and thus was not properly exhausted.

16  **e.  Exhaustion of Ground 10 (Right of Self-Representation)** - For his Ground 10,
17  Petitioner argues that he was denied his right to self-representation. (Petition #1 at 17.)
18  Respondents acknowledge that Petitioner asserted this argument in his PCR Petition (*see*
19  Exhibit Q at 19), but properly argue that because it was not raised in either of his petitions
20  for review (*see* Exhibits S and U), it is not exhausted.  (Response, #19 at 11.)  Indeed,
21  Petitioner never asserted a right to self-representation to the Arizona Court of Appeals, and
22  merely recited the facts of his advice to the trial court that "he no longer wants to employ
23  counsel." (Exhibit S at 15.)  Indeed, even Petitioner's Petition fails to allege that this claim
24  was presented to the state courts.  (Petition #1 at 17.)

25  Accordingly, the undersigned finds that Petitioner failed to properly exhaust this
26  claim.

27  **f.  Exhaustion of Ground 11 (Equal Protection)** - For his Ground 11, Petitioner
28  argues that he was denied equal protection as a result of trial counsel's ineffectiveness.

(Petition #1 at 18.)   Respondents argue that this claim is conclusory and was not fairly presented to the state courts.  (Response, #19 at 11.)  Petitioner alleges in his Petition that the claim was raised in his PCR proceeding (#1 at 18).

Petitioner did include in his Petition for Review to the Arizona Court of Appeals a paragraph captioned "Defendant was Denied Counsel and Equal Protection of the Law." (Exhibit S at 10.)  However, Petitioner never identified this claim as being based on federal law, instead simply arguing that he was "denied equal protection of the law."  The Arizona Constitution has its own guarantee of "equal protection."  *See* Ariz. Const. Art. II, § 13 Equal Privileges and Immunities.

While a petitioner need not recite "book and verse on the federal constitution," *Picard v. Connor*, 404 U.S. 270, 277-78 (1971) (quoting *Daugherty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)), it is not enough that all the facts necessary to support the federal claim were before the state courts or that a "somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(per curiam). *But see Baldwin v. Reese,* 541 U.S. 27 (2004), Stevens J. dissenting, for discussions on the effect of consideration of similar and/or identical state law claims.  Although the equal protection jurisprudence of the Arizona and Federal governments are "essentially the same," *American Greyhound Racing, Inc. v. Hull,* 146 F.Supp.2d 1012, 1079 (D.Ariz.,2001), *vac'd on other grounds* 305 F.3d 1015 (2002), they are not identical, and have different focuses and different historical purposes. *Martin v. Reinstein,* 195 Ariz. 293, 313 at n. 18, 987 P.2d 779, 799 (Ariz. App. 1999).

The undersigned finds that Petitioner failed to fairly present a federal equal protection claim, and thus concludes that Ground 11 was not properly exhausted.

**g. Exhaustion of Ground 12 (Fair Trial)** - For his Ground 12, Petitioner alleges that the various inadequacies of trial counsel amounted to a denial of his right to a fair trial. (Petition, #1 at 19.)  Respondents again argue that this claim is conclusory and was not fairly presented to the state courts.  (Response, #19 at 12.)  ) Although Petitioner alleges in his Petition that the claim was raised in his PCR proceeding (#1 at 19), he points to no portion of his petitions which actually raised a claim that he was denied a fair trial.  The undersigned

- 19 -

1    finds none, and thus concludes that this claim was not properly exhausted.

2        **h.  Summary re Exhaustion** - Based on the foregoing, the undersigned finds that

3    Petitioner failed to properly exhaust his grounds 5, 7, 9, 10, 11, and 12, but finds contrary to

4    Respondents' arguments that Ground 6 (Ineffectiveness of PCR and Appellate Counsel) was

5    properly exhausted.

6

7    **2.  Procedural Default**

8        As an alternative to presenting his claims to the highest state court, a petitioner can

9    satisfy the exhaustion requirement by demonstrating that no state remedies remained

10   available at the time the federal habeas petition was filed.  28 U.S.C. § 2254(b)(1)(B); *Engle*

11   *v. Isaac*, 456 U.S. 107, 125 (n. 28)(1982); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

12   If, however, the procedural bar is of the petitioner's own making, then he may be precluded

13   from seeking habeas relief.

14           If state remedies are not available because the petitioner failed to
             comply with state procedures and thereby prevented the highest state
15           court from reaching the merits of his claim, then a federal court may
             refuse to reach the merits of that claim as a matter of comity.
16
17   *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).  This failure to comply with reasonable

     state procedures is usually characterized as "procedural default."  When a petitioner has
18
     "procedurally defaulted," his claim is barred absent a showing of "cause and prejudice"
19
     sufficient to excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).
20
         Petitioner does not argue (assuming these claims are unexhausted) that the claims are
21
     not now procedurally defaulted.
22
         **Claims Preclusion** - Indeed, Rule 32.2(a)(3), Arizona Rules of Criminal Procedure,
23
     precludes relief "based upon any ground . . . [t]hat has been waived at trial, on appeal, or in
24
     any previous collateral proceeding."  In *Stewart v. Smith,* 202 Ariz. 446, 46 P.3d 1067
25
     (2002), the Arizona Supreme Court recognized that except for claims of "sufficient
26
     constitutional magnitude", the State may establish preclusion under Rule 32.2 by simply
27
     showing "that the defendant did not raise the error at trial, on appeal, or in a previous
28

collateral proceeding." *Id.* at 449, 46 P.3d at 1070.

Petitioner does not assert that his unexhausted claims would be of "sufficient constitutional magnitude" so as to require something more than a mere failure to raise the claim for it to be precluded. Accordingly, the undersigned concludes that Petitioner's unexhausted claims would be precluded under Rule 32.2(a)(3).

**Appeals Time Bar** - Moreover, under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. The Arizona Rules of Criminal Procedure do not provide for a successive direct appeal. *See generally* Ariz.R.Crim.P. 31. Accordingly, direct appeal is no longer available for Petitioner's unexhausted claims.

**PCR Time Bar** - Likewise, Petitioner can no longer seek review by a subsequent PCR Petition. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

While Rule 32.4(a) does not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h), Petitioner has not asserted that any of these exceptions are applicable to his claims. Nor does it appears that such exceptions in Rule 32.1 would apply to them. The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.

f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or

g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or

h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of her conviction or sentence. Petitioner asserts no "newly discovered evidence" and thus paragraph (e) has no application. Paragraph (f) has no application where the petitioner filed a timely notice of appeal, and the notice of post-conviction relief of-right applies only to first petitions filed within 90 days following a judgment based on a guilty or *nolo contendre* plea. *See* Ariz.R.Crim.P. 32.1 (defining when petition of-right). Paragraph (g) has no application because Petitioner has not asserted a change in the law occurring since his last state PCR petition. Finally, paragraph (h) has no application to Petitioner's various procedural claims.

Therefore, Petitioner's unexhausted claims must be found to be procedurally defaulted.

**3.  Avoiding Procedural Default**

**a.  Cause and Prejudice** - If the habeas petitioner has procedurally defaulted on a claim, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984). Although both "cause" and "prejudice" must be shown to excuse a procedural default, a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991).

Petitioner's original Reply did  not explicitly assert cause or prejudice to excuse his default.  However, in asking for a liberal construction of his pleadings in this Court,

1  Petitioner does recount the limited legal resources available to him within the Arizona

2  Department of Corrections. (Reply, #21 at 2-3.) In his Supplemental Reply, Petitioner

3  argues that the ineffective assistance of appellate counsel and limited legal resources in the

4  prison caused his procedural default. (Supp. Reply, #26 at 2.)

5      **b. Limited Legal Resources** - A *pro se* petitioner may be able to establish "cause"

6  if he can establish a lack of access to the law, as opposed to a lack of knowledge of the law.

7  *See e.g. Dulin v. Cook*, 957 F.2d 758 (10th Cir. 1992) (remanding for a determination of

8  cause where a pro se petitioner's incarceration in Nevada precluded access to Utah legal

9  materials required to challenge a Utah conviction). *Cf. Whalem/Hunt v. Early*, 233 F.3d 1146

10  (9th Cir. 2000) (holding lack of library materials may establish an "impediment" which

11  would toll the statute of limitations applicable to habeas petitions). The petitioner must

12  establish, however, that the lack of access resulted in an inability to assert his claims. *See*

13  *e.g. Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991) (finding no "cause" where despite lack

14  of resources generally, pro se prisoner had not shown personal deprivation, and had managed

15  to file other adequate petitions.)

16      <u>Represented at Most Relevant Times</u> - For most of Petitioner's claims, lack of legal

17  resources in the prison would not constitute cause, because Petitioner was represented by

18  appellate counsel at all relevant times necessary to the exhaustion of those claims. All but

19  one of Petitioner's unexhausted claims, including Grounds 5 (Compulsory Process), Ground

20  7 (Insufficient Evidence of Priors), Ground 10 (Right to Self-representation), Ground 11

21  (Equal Protection), and Ground 12 (Fair Trial), could and should have been presented on

22  direct appeal, when Petitioner had the benefit of counsel, and thus was not dependent upon

23  the prison's legal library, paralegals, or other prison resources. *See Tacho v. Martinez*, 862

24  F.2d 1376, 1381 (9th Cir. 1988) (lack of legal assistance not cause where petitioner

25  represented at critical stages).

26      Absent a showing of constitutionally ineffective assistance of that counsel, Petitioner

27  is left to bear the results of his counsel's efforts, however flawed.

28      The existence of cause for a procedural default "must ordinarily

> turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Ineffective assistance of counsel is cause for procedural default, but "[a]ttorney error short of ineffective assistance of counsel does not constitute cause."
>
> * * *
>
> Attorney inadvertence or ignorance of the law does not establish cause for a procedural default.

*Vansickel v. White,* 166 F.3d 953, 958 (9th Cir. 1999) (quoting *Murray*, 477 U.S. at 488, 492). Thus, Petitioner cannot rely upon the limits of the prison law library as "cause" for his failure to exhaust when he was represented.

The only unexhausted claim for which Petitioner was unrepresented was his Ground 9 (Due Process re PCR Procedures).  His opportunity to challenge an alleged denial of due process in his PCR proceedings would have occurred during his PCR petitions for review. At the time of those proceedings, he was unrepresented and thus dependent upon the prison legal resources.  However, Petitioner fails to offer any showing that any inadequacies in those resources made it impossible for him to present his claims in Ground 9.

The record reflects that Petitioner had resources sufficient to raise the facts of Ground 9 as an issue for review by the Arizona Court of Appeals challenging the summary procedures employed by the PCR court.  Although, as discussed herein above, he limited that claim to allegations of state law error, Petitioner offers nothing to show that a deficiency in resources precluded him from identifying a federal due process claim from the same facts.

Moreover, Petitioner had sufficient resources to include in his Petition for Review federal claims of ineffective assistance of counsel, and to cite a variety of state and federal legal authorities.  (*See* Exhibit S, Pet. Rev. at "(0(1).")  His ability to do so suggests that he was not wholly deprived of access to legal materials.  *See Thomas*, 945 F.2d 1119 (finding no "cause" where despite lack of resources generally, pro se prisoner had not shown personal deprivation, and had managed to file other adequate petitions.)

**c.  Ineffective Assistance**  - Petitioner argues that he in fact received not just defective, but constitutionally ineffective assistance of appellate counsel, thus establishing cause for his failure to exhaust.  The ineffectiveness of constitutionally required counsel can

1   establish "cause." *Ortiz v. Stewart*, 149 F.3d 923, 932, (9th Cir. 1998).

2       This argument is foreclosed with respect to the performance of PCR counsel.

3   "Because there is no right to an attorney in state post-conviction proceedings, there cannot

4   be constitutionally ineffective assistance of counsel in such proceedings." *Patrick Poland*

5   *v. Stewart*, 169 F. 3d 573, 588 (9th Cir. 1999), (quoting *Coleman*, 501 U.S. at 752). "The fact

6   that counsel is appointed by the state court does not change the result, because counsel is not

7   constitutionally required." *Smith v. Idaho,* 392 F.3d 350, 357 (9th Cir. 2004).  Accordingly,

8   any effectiveness of Petitioner's PCR counsel cannot constitute "cause."  Thus, Petitioner

9   must rely upon a showing of ineffective assistance by appellate counsel to establish "cause."

10      However,  a claim of ineffective assistance of counsel showing "cause" is itself

11  subject to the exhaustion requirements. *Murray v. Carrier*, 477 U.S. at 492; *Edwards v.*

12  *Carpenter*, 529 U.S. 446 (2000).  Accordingly, "[t]o the extent that petitioner is alleging

13  ineffective assistance of appellate counsel as cause for the default, the exhaustion doctrine

14  requires him to first raise this ineffectiveness claim as a separate claim in state court."

15  *Tacho*, 862 F.2d at 1381.

16      <u>Ground 7 Only Possible Claim For Which Ineffectiveness was Exhausted</u> - So, the

17  first question is whether Petitioner ever presented and exhausted claims based upon counsel's

18  failure to pursue his unexhausted federal claims.  In the state courts, Petitioner's attack on

19  the performance of appellate counsel was limited to his failure to assert the substantive

20  claims raised in Petitioner's petitions for review from his PCR petition.  (*See* Exhibit S,

21  Pet.to Ct. Appls. at Issues for Review.)  That PCR petition was limited to arguing (1) the

22  denial of his PCR petition without an evidentiary hearing; (2) ineffective assistance of trial

23  counsel, (3) Petitioner's plea was not knowing and voluntary; (4) trial court failed to inquire

24  into reasons for motion for new counsel; (5) insufficient evidence of prior conviction.  Thus,

25  the unexhausted claims in Ground 5 (Compulsory Process), Ground 10 (Right to Self-

26  representation), Ground 11 (Equal Protection), and Ground 12 (Fair Trial) were not a basis

27  for Petitioner's ineffective assistance claims, and thus were not exhausted.  That leaves

28  Petitioner's Ground 7 (insufficient evidence of priors) as his only unexhausted claim that

1   could have been asserted to the state courts as a basis for ineffective assistance.

2   <u>Ground 7 Not Presented as Federal Claim</u> - However, although Petitioner argued to

3   the state courts that counsel was ineffective for failing to argue the facts of Ground 7,

4   Petitioner did not assert the substance of Ground 7 to the state courts as a federal claim.  As

5   noted above, the facts underlying Ground 7 were presented in the PCR proceedings only as

6   a state law claim.  Accordingly, Petitioner never argued to the state courts that counsel was

7   ineffective for failing to assert the similar *federal* claim.

8   Thus, his "cause" is based upon arguing that appellate counsel was ineffective for

9   failing to argue a state law claim, which although related is not the same as his current

10   unexhausted federal law claim.  As noted above, when the question is whether the underlying

11   *federal* insufficient evidence claim was fairly presented, the answer is "no" and the shift in

12   authorities makes all the difference.  However, when considered as a basis for an assertion

13   of ineffective assistance, it is not a shift in the legal nature of Petitioner's ineffective

14   assistance claim, but in the facts underlying that claim. Instead of arguing that counsel was

15   ineffective for failing to assert authority X in support of his argument, Petitioner now argues

16   that counsel was ineffective for failing to assert authority Y in support of the same argument.

17   <u>Difference Between State and Federal Claims Makes Alteration Fundamental</u> -

18   Although a federal habeas petitioner may reformulate somewhat the claims made in state

19   court, *Tamapua v. Shimoda*, 796 F.2d 261, 262 (9th Cir. 1986), *rev'd in part on other*

20   *grounds by Duncan v. Henry*, 513 U.S. 364 1995), the substance of the federal claim must

21   have been "fairly presented" in state court.  *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(per

22   curiam); *Picard v. Connor*, 404 U.S. 270, 278 (1971); *Tamapua*, 796 F.2d at 262.  Thus, a

23   petitioner may not broaden the scope of a constitutional claim in the federal courts by

24   asserting additional operative facts that have not yet been fairly presented to the state courts.

25   While new factual allegations do not ordinarily render a claim unexhausted, a petitioner may

26   not "fundamentally alter the legal claim already considered by the state courts." *Vasquez v.*

27   *Hillery*, 474 U.S. 254, 260 (1986).  "[N]ew factual allegations do not render a claim

28   unexhausted unless they 'fundamentally alter the legal claim already considered by the state

1   courts.' " *Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir.1994) (quoting *Vasquez*, 474 U.S.

2   at 260).  Thus the question is whether Petitioners current claim of ineffectiveness of counsel

3   in failing to raise a federal insufficient evidence claim is fundamentally different from his

4   claim to the state courts that counsel was ineffective for failing to raise the related state law

5   claim.

6        Were the shift in allegations simply one from citing one authority to another, then no

7   fundamental alteration would have occurred between the two ineffective assistance claims.

8   However, asking the state court to consider a failure to present a state claim of insufficient

9   evidence is an entirely different creature from asking them to consider counsel's failure to

10  present a federal claim of insufficient evidence.  Arizona permits a prior conviction to be

11  established upon a showing of clear and convincing evidence.  *State v. Cons,* 208 Ariz. 409,

12  415, 94 P.3d 609, 615 (Ariz. App. 2004).  In contrast, the Ninth Circuit has held that

13  evidence on a prior used to enhance a sentence "is sufficient if, viewing the evidence in the

14  light most favorable to the prosecution, any rational trier of fact could have found the fact

15  of the prior conviction beyond a reasonable doubt." *U.S. v. Okafor,* 285 F.3d 842, 848 (9[th]

16  Cir. 2002).   Thus, the standards deviate greatly between the federal and state claims of

17  insufficient evidence of priors, making a claim of ineffectiveness with regard to one very

18  different from an ineffectiveness claim related to the other.

19        Conclusion re Presentation - Therefore, the undersigned finds that Petitioner's

20  presentation of an ineffectiveness claim based on failure to assert the *state* law claim of

21  insufficient evidence did not exhaust the ineffectiveness claim relevant to Petitioners'

22  unexhausted *federal* claim of insufficient evidence, and thus cannot excuse the failure to

23  exhaust that underlying *federal* claim.

24        Claim of Ineffectiveness Would Be Without Merit - Moreover, even if the

25  undersigned could conclude that the ineffectiveness claim were exhausted, the undersigned

26  could not find that it constituted "cause," because the ineffectiveness claim is without merit.

27  As discussed hereinafter with respect to the merits of Petitioner's Ground 6 (ineffective

28  assistance), Petitioner admitted the priors necessary to the enhancement of his sentence.  Not

only was that admission sufficient for state law purposes (as discussed therein), but were sufficient under federal law as well. *See e.g. United States v. Harris,* 592 F.2d 1058, 1059-60 (9th Cir.1979) (admission by defendant or counsel sufficient evidence of prior conviction). Thus, attempting to argue insufficient evidence under federal law would have been futile, and thus failing to do so would not have constituted ineffective assistance. *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982). Accordingly, such failure would not provide "cause" to excuse Petitioner's procedural default.

Accordingly, the undersigned finds that Petitioner has failed to establish "cause" to excuse his procedural default of his unexhausted grounds.

**d. Actual Innocence** - The standard of "cause and prejudice" can apply where " a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). However, a petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A showing that a reasonable doubt exists in the light of the new evidence is not sufficient. Rather, the petitioner must show that no reasonable juror would have found the defendant guilty. *Id.* at 329. Petitioner has not attempted to make such a showing.

**4. Summary**

Respondents concede that Petitioner has properly exhausted his state remedies on his Grounds 1, 2, 3, 4, and 8. The undersigned finds that Petitioner has failed to exhaust his state remedies on Ground 5 (Compulsory Process), Ground 7 (Insufficient Evidence of Priors), Ground 9 (Due Process re PCR Procedures) Ground 10 (Right to Self-representation), Ground 11 (Equal Protection), and Ground 12 (Fair Trial). However, the undersigned finds that Petitioner did properly exhaust his remedies on Ground 6 (Ineffectiveness of PCR and Appellate Counsel).

Petitioner's state remedies which could address his unexhausted claims are now

procedurally barred, and thus Petitioner has procedurally defaulted on those claims. Petitioner fails to show "cause" to excuse his procedural default, or actual innocence. Accordingly, Grounds 5, 7, 9, 10, 11 and 12 must be dismissed with prejudice. *Reed*, 468 U.S. at 11; *Tacho*, 862 F.2d at 1380.

## B.  GROUND 1 (Ineffective Assistance of Advisory Counsel)

In his Ground 1, Petitioner argues that advisory counsel Corwin Townsend was ineffective for failing to contact petitioner and failing to retain an investigator despite authorization.  As result, Petitioner argues that he moved for appointment of new counsel, and the trial court then responded improperly by appointing the same attorney, thereby denying Petitioner his right to self-representation.  (Petition, #1 at 5.)

Respondents acknowledge that this claim was raised in Petitioner's PCR proceedings. (Response, #19 at 7.) Respondents argue, however,  that "[b]ecause a self-represented defendant has no right to advisory counsel, a constitutional claim based on ineffective assistance of advisory counsel is not cognizable." (*Id.* at 14.)  Respondents do not separately address Petitioner's argument concerning the denial of his right of self-representation.

Petitioner replies that the essence of his claim is that the court erred "by appointing an incompetent advisory counsel to be counsel of record."  (Reply, #21 at 8.)

**Ineffective Advisory Counsel** - Assuming that, despite Petitioner's Reply, he does attack the effectiveness of advisory counsel, Respondents properly conclude that such a claim is without merit. "A defendant has the right to represent himself or herself pro se or to be represented by an attorney.  However, a 'defendant does not have a constitutional right to 'hybrid' representation' at trial." *U.S. v. Olano,* 62 F.3d 1180, 1193 (9th Cir. 1995) (citations omitted).  Where a defendant has no constitutional right to counsel, he cannot be deprived of constitutionally required effective assistance. *Wainwright v. Torna,* 455 U.S. 586, 588 (1982). *See also Coleman v. Thompson,*  501 U.S. 722, 752 (1991) (no right to PCR counsel, and therefore no constitutionally significant ineffectiveness).

**Appointment of Ineffective Counsel** - Petitioner contends that, notwithstanding the

1    lack of constitutional significance of advisory counsel's ineffectiveness, that ineffectiveness

2    did make it wrong for the trial court to appoint the same counsel to represent Petitioner.

3    (Reply, #21 at 8.)

4         Advisory counsel was appointed on October 24, 2001.   (Exhibit F, M.E. 10/24/01.)

5    He failed to contact Petitioner, despite an express order to do so.  (Reply, #21, Exhibit D,

6    M.E. 12/4/01.) Some 50 days after his appointment, advisory counsel had still not contacted

7    Petitioner, and accordingly on December 13, 2001, Petitioner filed a Motion to Dismiss

8    Counsel and Appointment of New Counsel, complaining of counsel's continued absence.

9    (Exhibit G.) Despite the non-communicativeness of advisory counsel, the same counsel was

10   appointed to represent Petitioner at trial. (Exhibit H, M.E. 1/4/02.)

11        The undersigned presumes, for purposes of this discussion, that advisory counsel's

12   performance prior to appointment as trial counsel was sufficiently egregious to amount to

13   defective performance under the standards adopted in *Strickland v. Washington,* 466 U.S.

14   668 (1984), and that it called into question his competence.  However, the appointment of

15   such counsel does not, without more, amount to a Sixth Amendment violation.

16        In *U.S. v. Ross*, the defendant was represented by counsel who had been suspended

17   from the practice of law by the state bar (ultimately being disbarred), and had never been

18   admitted to the federal court bar.  338 F.3d 1054 (2003).  The Ninth Circuit found no Sixth

19   Amendment violation, noting that the "Sixth Amendment right to counsel exists 'not for its

20   own sake, but because of the effect it has on the ability of the accused to receive a fair trial.'"

21   *Id.* at 1056 (quoting *United States v. Cronic*, 466 U.S. 648, 658 (1984)).  Accordingly, the

22   existence of any constitutional violation resulting from the appointment of such presumably

23   unqualified counsel was "appropriately addressed under the same rubric generally applicable

24   to claims of ineffective assistance of counsel: the test set forth in [*Strickland*], actual deficient

25   performance plus prejudice." *Id.* at 1056.

26        Similarly, this Court must require Petitioner to show that trial counsel was actually

27   ineffective after appointment as such counsel, not merely that he had demonstrated

28   incompetence prior to his appointment.  To the extent that Petitioner attempts to do so

- 30 -

1    through his other substantive claims, those matters will be addressed hereinafter. Petitioner's

2    claim based solely upon the trial court's selection of counsel is without merit, and must be

3    denied.[6]

4         **Summary** - Whether viewed as a claim of ineffective assistance of advisory counsel,

5    or a claim based upon the trial court's appointment of previously incompetent counsel,

6    Petitioner's Ground 1 fails to set forth a violation of a constitutional right, and is therefore

7    without merit, and must be denied.

8

9    **C.  GROUND 2 (Denial of Motion for New Counsel)**

10        In his Ground 2, Petitioner argues that the trial court denied him due process when it

11   denied his April 2, 2002 motion to replace trial counsel without conducting a hearing into the

12   allegations in the motion.  (Petition #1 at 6.)  Respondents concede the exhaustion of this

13   claim, although noting that it was couched in terms of a Sixth Amendment right to counsel

14   in Petitioner's PCR proceedings.   (Response #19 at 8.)    Analyzing it on that basis,

15   Respondents argue that Petitioner recognizes that the trial court did make inquiries into the

16   basis of the motion, and heard Petitioner's response.  (*Id*. at 16.) Petitioner replies that, given

17   the matters at stake, something more than a "cursory" examination of the issues was

18

19   ───────────────

20        [6]   Respondents posit the limitations on habeas relief embodied in 28 U.S.C.
     §2254(d)(1) (state court's decision must be "contrary to, or an unreasonable application of,
21   clearly established Federal law, as determined by the Supreme Court of the United States"
     before relief may be granted).  Here, the trial court did not explicitly address any portion of
22   this claim in denying Petitioner's PCR Petition. (Exhibit R, M.E. 5/24/4.)  Nor did the
     Arizona Court of Appeals or Arizona Supreme Court, both of whom issued summary denials.
23   (Exhibits T and V.)  Where there is no reasoned rejection of the claim, the habeas Court is
     left to applying its own evaluation, comparing the outcome to that of the state court, and only
24   then if there is a discrepancy can the habeas court begin to evaluate whether the state court
     outcome was "contrary to or an unreasonable application of" Supreme Court law. *See Himes*
25   *v. Thompson*, 336 F.3d 848, 853 and n.3 (9th Cir. 2003) ("Independent review of the record
     is not de novo review of the constitutional issue, but rather, the only method by which we can
26   determine whether a silent state court decision is objectively unreasonable").  Because the
27   undersigned concludes that this claim is without merit, the limitations on relief in
     §2254(d)(1) need not be reached.
28

1  required.[7]

2  "The fundamental requirement of due process is the opportunity to be heard 'at a

3  meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333

4  (1976). "What the Constitution does require is 'an opportunity * * * granted at a meaningful

5  time and in a meaningful manner,' 'for (a) hearing appropriate to the nature of the case.' The

6  formality and procedural requisites for the hearing can vary, depending upon the importance

7  of the interests involved and the nature of the subsequent proceedings. *Boddie v.*

8  *Connecticut,* 401 U.S. 371, 378-379 (1971) (citations omitted). In assessing whether a state

9  court's has violated a defendant's right of due process, the habeas court must determine

10  whether the error "had substantial and injurious effect or influence in determining the jury's

11  verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993).

12  Here, the record relates that both Petitioner and his counsel were heard on his motion,

13  albeit briefly, and Petitioner was able to relate his concerns about his limited contact with

14  counsel, and lack of knowledge about his defense. (Reply, #21, Exhibit I, R.T. 4/2/02 at 3-

15  4.) What appeared from that exchange was the existence of an ongoing though strained

16  relationship between trial counsel and Petitioner, with counsel representing that he had

17  "discussed these issues with Mr. Johnson over and over again," and Petitioner countering that

18  "[t]his is the first time we talk about the case when we come to trial." (*Id.* at 4.) Given, as

19  the trial judge described it, the "tortured history" of the case particularly with respect to

20  Petitioner's representation, it is understandable that the court was not inclined to dive into

21  a mini-trial on the communications between counsel and Petitioner. (*Id.* )

22  Petitioner does not suggest what additional information he would have provided had

23  a protracted hearing been held. Moreover, Petitioner's own records reflect that he was being

24  less than candid with the court, having in fact met with counsel at the jail at least twice

25  before, for a total of almost two hours. (Reply, #21, Exhibit C.) It must be presumed that

26  ─────────────

27  [7] Again, there is no reasoned decision by the state courts for this Court to evaluate.
(*See* Exhibits , T, and V.) However, because the undersigned finds the claim to be without
28  merit, the relief limitations in 28 U.S.C. § 2254(d)(1) are not reached.

such facts would have been adduced had a more substantial hearing been held.  This was not a difficult case, there being virtually no dispute as to the essential facts, and only a dispute as to Petitioner's intent (e.g. whether his possession was for use or sale) to be inferred from those facts.  Thus, extensive contact between counsel and defendant would not necessarily have been anticipated.

Under these circumstances, Petitioner has offered nothing to show that the trial court's failure to conduct a more protracted hearing was a denial of due process , nor has Petitioner shown that the lack of such hearing prejudiced him.  Accordingly, this claim is without merit and must be denied.[8]

**D.  GROUNDS 3 and 4  (Ineffectiveness of Trial Counsel)**

For his Ground 3, Petitioner argues that he received ineffective assistance of trial counsel, because Petitioner was not fully informed of facts necessary to making a choice to go to trial. Petitioner complains that he was not aware of the limited defense that would be presented (e.g. limited evidence on Petitioner's addiction).  Consequently, Petitioner made a "choice to go to trial that was not a[n] intelligent and knowingly choice."  (Petition, #1 at 8.)

For his Ground 4, Petitioner argues that trial counsel failed to conduct an adequate investigation, including failing:

(1) to investigate the scene to impeach witnesses' testimony of what they observed;

(2) to investigate potential witnesses of Petitioner's history of drug usage;

(3) to interview any witnesses;

(4) to develop other lines of defense;

(5) to develop evidence of Petitioner's drug usage;

---

[8] To the extent that Petitioner may have intended to assert the present claim under the Sixth Amendment, it would be without merit for the same reasons that his challenge to the initial appointment of trial counsel, as expressed in Ground 1, is without merit. The proper mode for attacking the sufficiency of counsel is through a *Strickland* analysis of counsel's performance.

1    (6) to fully inform Petitioner to assist in choosing to go to trial; and

2    (7) to investigate the basis for a suppression motion.

3  (*Id.* at 9.)

4        Respondents argue that trial counsel pursued Petitioner's defense of being a drug

5  addict possessing for his own use, and that Petitioner has failed to show that counsel's choice

6  of witnesses to use was not a reasonable tactical choice.   (Response, #19 at 16-17.)

7  Respondents further argue that Petitioner has failed to show prejudice, given the inability of

8  any witnesses other than Petitioner to address Petitioner's intent.  (*Id.* at 17-18.)

9        With regard to Ground 3, Petitioner replies that (after Petitioner withdrew his guilty

10  plea) at a hearing on March 7, 2002, the Court directed counsel to review the plea and the

11  motion to waive counsel with Petitioner, but that counsel failed to do so.  As a result, on

12  March 11, 2002, Petitioner finally determined to withdraw from the plea agreement, to

13  withdraw his request to waive counsel, and to proceed to trial. (Reply, #21 at 9-10.)  With

14  regard to Ground 4, Petitioner replies that counsel should have pursued witnesses of

15  Petitioner's extreme addiction, and an expert witness to testify about drug usage and

16  addiction.  (*Id.* at 10-12.)

17        The trial court did not address the claims in Ground 3.  With regard to the claims in

18  Ground 4, the trial court concluded:

19              The Defendant makes numerous claims of ineffective assistance
             of counsel.  None of them, however, show that counsel's preparation or
20           performance were below the standard for criminal defense.  Counsel
             clearly made a tactical decision to not call certain witnesses.  Such a
21           decision does not amount to ineffective assistance. Defendant testified
             that he was an addict.  The State did not dispute the fact.  The jury
22           evaluated this testimony and still found that the 1.1 grams of cocaine,
             possessed along with $524 in cash, was possessed for sale.

23  (Exhibit R, M.E. 5/24/4.)

24        **Standard for Ineffective Assistance Claims** - Generally, claims of ineffective

25  assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668

26  (1984).  In order to prevail on such a claim, petitioner must show: (1) deficient performance

27  - counsel's representation fell below the objective standard for reasonableness; and (2)

28

1   prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the

2   result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88, 694.

3   Although the petitioner must prove both elements, a court may reject his claim upon finding

4   either that counsel's performance was reasonable or that the claimed error was not

5   prejudicial. *Id*. at 697.

6        **Ground 3:  Failure to Advise re Plea** - Petitioner argues that trial counsel failed to

7   provide him adequate information to choose to proceed to trial.

8        In *Nunes v. Mueller*, 350 F.3d 1045 (9th Cir. 2003), the Ninth Circuit recognized that

9   *Strickland's* recognition of a right to effective assistance at all  critical stages of a proceeding

10  extends to the consideration of a guilty plea.  Consequently, the *Nunes* court found a viable

11  claim of ineffective assistance where "the factual scenario was (1) that Nunes' attorney gave

12  him the wrong information and advice about the state's plea offer and (2) that if Nunes had

13  instead been informed accurately, he would expressly have taken the bargain." *Id.* at 1054.

14  The prejudice was the rejection of a favorable plea offer, and was factually supported

15  when"Nunes swore (just as he had stated in his written declaration in the state court

16  proceedings) that he would have accepted the plea offer if it had been accurately conveyed

17  to him, and explained why that was so." *Id.* at 1055-1056.

18       Here, Petitioner argues that counsel failed to meet with him and offered no advice on

19  the withdrawal of plea.  Petitioner argues that on February 7, 2002 counsel was ordered to

20  consult with Petitioner.  Petitioner argues that counsel did not do so in the ensuing month,

21  and could not have consulted with Petitioner on the matter until March 6, 2002, as shown by

22  the jail visitation records.  (Supp. Reply, #26 at 5 (citing Exhibit DD thereto).)   However,

23  the record shows that Petitioner's plea was withdrawn long before, on February 7, 2002.

24  Given the frequency with which criminal defense counsel confer with their clients in the

25  courtroom, either before or after proceedings, the lack of a jail visit is of little weight.

26       Moreover, Petitioner argued in his PCR Petition, <u>not </u>that counsel failed to advise him

27  about the plea, but that counsel advised him and advised him incorrectly.  (Exhibit Q, PCR

28  Petition at 39-40.)  Thus, Petitioner has already conceded that counsel did, in fact, consult

with him about the propriety of the plea as opposed to proceeding to trial.  What he must (and does) argue now, therefore, is that he was prejudiced because he was not counseled anew after he voiced his intent to withdraw his plea.   *Nunes* does not mandate serial advice. Having once adequately counseled Petitioner, trial counsel needed, absent some unique circumstance, to have done no more.

The only factor pointed to by Petitioner to establish a need for additional counseling is the trial court's instruction to trial counsel to consult with Petitioner.  While trial counsel's failure to comply with that instruction might have violated an obligation to the court, it did not automatically render counsel's performance deficient.  Indeed, one could surmise that such counseling might have consisted of little more than a reference to counsel's advice prior to entering the plea.  Failing to revisit the prior advice would be unsurprising given the limited time between Petitioner's entry and withdrawal of his plea.

Moreover, Petitioner presents nothing to show that counsel made any misrepresentation to him about the terms of the plea offer or his prospects at trial.  Rather, he argues that counsel failed to inform him of the nature of the defense that would be mounted.  In particular, Petitioner argues that trial counsel failed to "inform him of the defenses, trial tactic, and strategy that no witnesses or evidence of a history of drug addiction would be presented to the jury."[9]   (Petition, #1 at 8.)  Respondents argue that this claim is without merit because counsel did in fact pursue a defense that the possession was for personal use.  (Answer, #19 at 16-17.)

Trial tactics and strategy are matters to be resolved by counsel, are often adjusted or supplanted as trial progresses, and are not the types of affirmative facts which counsel should always be expected to address in discussing the propriety of a plea.  *See* 17A A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.2, Comment ("With respect to the means by which the client's objectives are to be pursued, the lawyer shall consult with the client as

_____

[9] Counsel avers that he had in fact "discussed Defendant's case with him, including trial strategy and defenses."  (Exhibit DD, Response to PCR Petition at Exhibit A, ¶ 2.) Because it is not necessary to a determination on the claim, the undersigned does not resolve that factual dispute.

1  required by ER 1.4(a)(2) and may take such action as is impliedly authorized to carry out the

2  representation."); and ER 1.4, Comment ("Paragraph (a)(2) requires the lawyer to reasonably

3  consult with the client about the means to be used to accomplish the client's objectives. In

4  some situations--depending on both the importance of the action under consideration and the

5  feasibility of consulting with the client--this duty will require consultation prior to taking

6  action. In other circumstances, such as during a trial when an immediate decision must be

7  made, the exigency of the situation may require the lawyer to act without prior

8  consultation.").

9       Certainly, counsel's prognosis of the outcome of a trial is a relevant consideration

10  when discussing a plea.  However, Petitioner does not allege that counsel represented a

11  positive outcome was assured or even likely.  To the contrary, it appears that counsel strongly

12  encouraged Petitioner to accept the plea.  At the hearing on Petitioner's motion for new

13  counsel, trial counsel commented:

14          MR. TOWNSEND:  Just so you know, I have
     communicated on several different occasions.  I think Mr. Johnson
15    ought to resolve this case with the plea agreement we have already
     signed up for.  So I don't think that it should go to trial in this case.

16  (Reply, #21, Exhibit I, R.T. 4/2/02 at 13-14.)

17       Thus, it appears that Plaintiff is now attempting to elevate an after-the-fact dispute

18  about trial strategy into a failure to advise on the plea. Assuming arguendo that counsel had

19  made representations to Plaintiff that he intended to present a variety of additional evidence,

20  it is not apparent that those would amount to material misrepresentations.  As the trial court

21  observed:

22          Counsel clearly made a tactical decision to not call certain witnesses.
     . . . Defendant testified that he was an addict.  The State did not dispute
23    the fact.

24  (Exhibit R, M.E. 5/24/04.)  Failure to present additional cumulative evidence on the point

25  cannot now be considered to have rendered advice on the plea offer inadequate.

26       The undersigned finds no basis to conclude that counsel rendered a defective

27  performance in the course of advising Petitioner about the proffered plea agreement.

28

1   Moreover, in light of trial counsel's advice to Petitioner to take the plea agreement,

2   and the overall conduct of Petitioner during the course of the pre-trial proceedings, the

3   undersigned could find little credibility in any claim by Petitioner that additional or better

4   advice from counsel would have resulted in Plaintiff accepting the plea offer.

5   **Ground 4:  Failure to Investigate Scene** - Petitioner argues that trial counsel was

6   ineffective for failing to investigate the scene of his arrest.  Petitioner asserts that such

7   investigation would have permitted trial counsel to impeach eyewitness' testimony based

8   upon their inability to observe.  Petitioner fails to show how the absence of such

9   impeachment prejudiced him.

10   To establish prejudice, a petitioner "must show that there is a reasonable probability

11   that, but for counsel's unprofessional errors, the result of the proceeding would have been

12   different. A reasonable probability is a probability sufficient to undermine confidence in the

13   outcome." *Strickland*, 466 U.S. at 694.

14   Petitioner makes no suggestion what pertinent testimony would have been discredited

15   by the investigation of the scene.  The issues seriously in dispute at trial were whether a crack

16   pipe had been found in Petitioner's car (Exhibit AA, R.T. 4/9/02 at 6, 41), the arrangement

17   of the cash in Petitioner's possession (*id.* at 34) and whether Petitioner's intent in possessing

18   the cocaine was  usage or sale (*id.* at 53).  The existence of the crack pipe and arrangement

19   of the cash were relevant only as being indicative of Petitioner's intent.  The basic events

20   (e.g. Petitioner's possession of the drugs and the paraphernalia) have never been disputed by

21   Petitioner.  Moreover, the existence of the crack pipe and the arrangement of the cash were

22   matters observed as part of the search of Petitioner and his vehicle.  Thus, obscured view

23   would have been all but irrelevant to Petitioner's defense.

24   It is true that impeaching the eyewitnesses may have lessened their credibility, but that

25   would have impacted only the disputed issues upon which they had knowledge, i.e. the

26   existence of the crack pipe and the arrangement of cash.  Moreover, the primary evidence on

27   the intent issue came from a Detective Scadden, who was not an eyewitness, and was not

28   present at either scene.  (Exhibit Z, R.T. 4/8/02 at 132.)    Given the lack of dispute over

Petitioner's drug usage and addiction, the undersigned cannot say that there is a reasonable probability the outcome would have been different with such impeachment evidence. Accordingly, this portion of the claim is without merit.[10]

**Ground 4: Failure to Pursue Witnesses** - Petitioner argues that trial counsel was ineffective for failing to investigate potential witnesses of Petitioner's history of drug usage, and to interview witnesses.  The trial court rejected this claim on the basis that the decision to not call witnesses was a tactical one, and that Petitioner's drug usage was undisputed. (Exhibit R, M.E. 5/24/04.)  In his Affidavit, trial counsel avers that "the witnesses Defendant wanted me to call at trial were irrelevant or detrimental to Defendant's case."  (Reply, #21, Exhibit L, Aff. of Townsend at ¶ 4.)

Tactical decisions with which a defendant disagrees cannot form the basis for a claim of ineffective assistance of counsel. *Morris v. California*, 966 F.2d 448, 456 (9th Cir. 1991), cert. denied, 113 S. Ct. 96 (1992)..  "Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation." *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980).  Moreover, the court need not determine the actual reason for an attorney's actions, as long as the act falls within the range of reasonable representation. *Morris*, 966 F.2d at 456-457.

Moreover, Petitioner fails to proffer the testimony expected from such witnesses.  He simply points to his lists of possible witnesses.  (Reply, #21 at 12 (referencing Reply Exhibit H (Notice of Witness List) and Exhibit Q2, PCR Petition at 20.)  A petitioner may not simply speculate about what a witness' testimony, but must adduce evidence to show what it would have been. *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997).  "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have

---

[10] The trial court did not provide any reasoned rejection of this argument, focusing solely upon Petitioner's claims on ineffectiveness based on failure to call additional witnesses. (*See* Exhibit R, M.E. 5/24/4.)  Because the undersigned concludes that the claim is without merit, the evaluation of the trial court's unreasoned decision under § 2254(d)(1) is not required.

1   been favorable; self-serving speculation will not sustain an ineffective assistance claim."

2   *U.S. v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991).

3         Further, the omitted evidence would have simply been cumulative to Petitioner's

4   undisputed testimony that he was a drug addict and user.  The failure to call witnesses whose

5   testimony would be cumulative to other evidence creates no "prejudice" within the meaning

6   of *Strickland*.  *United States v. Schaflander*, 743 F.2d 714, 718 (9th Cir. 1984), *cert. denied*,

7   470 U.S. 1058 (1985).

8         Finally, Petitioner fails to support his allegation that trial counsel failed to interview

9   any witnesses.   Trial counsel avows that he "interviewed the police officers involved."

10   (Reply, #21, Exhibit L, Townsend Affid. at ¶ 6.) Petitioner fails to support his conclusory

11   allegations that other witnesses should have been interviewed.  Petitioner offers nothing but

12   his unsupported contention to the contrary, and fails to offer anything to show that he had

13   knowledge of counsel's activities outside the context of the courtroom or jail.   And,

14   Petitioner fails to suggest how the outcome at trial would have been different had counsel

15   conducted further interviews.

16         The undersigned can find neither defective performance nor prejudice on this issue.

17         **Ground 4:  Failure to Develop Defenses** - Petitioner argues that trial counsel was

18   ineffective for failing to develop other lines of defense.  However Petitioner fails to identify

19   what other defenses may have been available, beyond the possession-for-use defense which

20   counsel presented.   Conclusory allegations that are not supported by specific facts do not

21   merit habeas relief. *James v. Borg*, 24 F.3d 20, 26 (9th Cir.), *cert. denied, sub. nom James*

22   *v. White*, 513 U.S.935 (1994).

23         **Ground 4: Failure to Develop Evidence of Drug Usage** - Petitioner argues that trial

24   counsel was ineffective for failing to develop evidence of Petitioner's drug usage. Petitioner

25   suggests that a laundry list of relatives and others would have testified to Petitioner's

26   addiction to and usage of drugs.  Respondents note that evidence of Petitioner's addiction

27   and usage was presented, and was undisputed.  The only non-cumulative evidence that

28   Petitioner suggests would have come from an unidentified expert, who presumably would

testify that the amount of crack cocaine possessed by Petitioner was an amount usable by him. (Reply, #21 at 12.) However, Petitioner fails to provide any information about the identity of his purported expert, or to proffer testimony by such an expert.  Such conclusory allegations are insufficient to support a habeas petition.  *Grisby*, 130 F.3d at 373.

**Ground 4:  Failure re Suppression Motion** - Finally, Petitioner argues that trial counsel was ineffective for failing to investigate the basis for a suppression motion. However, Petitioner does not describe the basis for such a motion.  Moreover, trial counsel states in his affidavit that he considered the potential for such a motion, but concluded it was not appropriate because the traffic stop was lawful. (Reply, #21, Exhibit L, Townsend Affid. at ¶ 3.) Petitioner offers nothing to show that counsel's evaluation was flawed.

"[I]n order to show prejudice when a suppression issue provides the basis for an ineffectiveness claim, the petitioner must show that he would have prevailed on the suppression motion, and that there is a reasonable probability that the successful motion would have affected the outcome." *Van Tran v. Lindsey*, 212 F.3d 1143, 1156 (9th Cir. 2000) (*overr'd on other grounds*, *Lockyer v. Andrade,* 538 U.S. 63, 71 (2003)) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).   *See Lowry v. Lewis*, 21 F.3d 344 (9th Cir. 1994) (noting role of attorney as counselor in not pursuing un-meritorious motions to suppress).

**Summary re Ground 4:  Ineffectiveness of Trial Counsel** - Plaintiff fails to make out any claim of ineffectiveness with respect to trial counsel.  Consequently, Grounds 3 and 4 must be denied.

**E.  GROUND 6 (Ineffective Assistance of PCR and Appellate Counsel)**

For his Ground 6, Petitioner argues that he received ineffective assistance of appellate and PCR counsel.  (Petition, #1 at 11-12.)  Petitioner argues that appellate counsel should have asserted the lack of evidence on his prior convictions, and the failure of the court to inquire into the basis for his motion for new counsel, and the court's choice of Petitioner's ineffective advisory counsel to serve as his trial counsel. (*Id.* at 11.)  Petitioner argues that PCR counsel was similarly ineffective for failing to assert those claims, and for failing to

1   adequately investigate Petitioner's claims of ineffective assistance of trial counsel.  (*Id.* at

2   11-12.)

3       **PCR Counsel** - Petitioner's PCR counsel claim is without merit.   As discussed

4   above, the Supreme Court has consistently held that "the right to appointed counsel extends

5   to the first appeal of right, and no further."  *Pennsylvania v. Finley*,  481 U.S. 551, 555

6   (1987). *See also Bonin v. Vasquez*, 999 F.2d 425, 429-30 (9th Cir. 1993) (no right to counsel

7   in a state post-conviction relief proceeding, even though that was the first place the defendant

8   could assert ineffective assistance of counsel); and *Jeffers v. Lewis*, 68 F.3d 299 (9th Cir.

9   1995) (same).  "Because there is no right to an attorney in state post-conviction proceedings,

10  there cannot be constitutionally ineffective assistance of counsel in such proceedings."

11  *Poland*, 169 F. 3d at 588 (quoting *Coleman*, 501 U.S. at 752). "The fact that counsel is

12  appointed by the state court does not change the result, because counsel is not

13  constitutionally required."  *Smith*, 392 F.3d at 357.

14      **Appellate Counsel** - Petitioner did however, have a right to effective assistance of

15  counsel on direct appeal.  *Finley*, 481 U.S. at 555.

16      Lack of Evidence on Priors - Petitioner argues that appellate counsel was ineffective

17  for failing to challenge the lack of evidence on his prior convictions. However, Petitioner

18  does not make any suggestion of the specific prior convictions to which he refers, the manner

19  in which the evidence was sufficient, nor does he suggest he had actually not incurred such

20  convictions.

21      Petitioner's sentence was enhanced pursuant to Ariz. Rev. Stat. § 13-604 based upon

22  his having two prior felony convictions. (Exhibit L, Sentence of Imprisonment.)  Petitioner

23  admitted at trial the existence of three prior felony convictions.  (Exhibit Z, R.T. 4/8/02 at

24  171; Exhibit AA, R.T. 4/9/02 at 11-14.)  Admissions of prior convictions are sufficient for

25  sentence enhancements.  *See State v. Hunter,* 137 Ariz. 234, 238, 669 P.2d 1011, 1015

26  (Ariz.App.,1983) ("before a sentence may be enhanced pursuant to A.R.S. § 13-604 by a

27  prior conviction, the prior conviction must either be admitted by the defendant or found to

28  be true by the trier of fact").

1       Thus, any attempt by appellate counsel to challenge the lack of evidence would have

2  been futile.  "The failure to raise a meritless legal argument does not constitute ineffective

3  assistance of counsel."  *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982).

4       <u>Motion for New Counsel</u> - Petitioner argues appellate counsel was ineffective for

5  failing to challenge the trial court's failure to inquire into Petitioner's basis for moving for

6  new counsel.  For the reasons discussed above in disposing of Ground 2 (Denial of Motion

7  for New Counsel), Petitioner fails to show that such argument would have been successful.

8  Failure to raise the futile argument was not ineffective assistance.  *Baumann*, *supra*.

9       <u>Appointment of Trial Counsel</u> - Finally, Petitioner argues that appellate counsel

10  should have challenged the appointment of advisory counsel as trial counsel.  For the reasons

11  discussed above in disposing of Ground 1 (Ineffective Assistance of Advisory Counsel),

12  Petitioner fails to show that such a challenge would have been successful, and thus has failed

13  to show that appellate counsel was ineffective for failing to raise it.  *Baumann, supra.*

14       **Summary**  - Petitioner had no constitutional right to effective assistance of PCR

15  Counsel, and fails to show that appellate counsel was ineffective for failing to raise the

16  claims asserted by Petitioner.  Accordingly Petitioner's Ground 6 is without merit, and must

17  be denied.

18

19  **F.  GROUND 8 (Due Process / Fair Trial)**

20       For his Ground 8, Petitioner argues that he raised issues on appeal that he did not seek

21  review on from the Arizona Supreme Court.  He asserts he did not seek such review because

22  he had already filed his Rule 32 PCR Petition.  Petitioner seeks to have this court now

23  consider those issues. (Petition, #1 at 14.)  Respondents concede that the claim is exhausted,

24  but argue that it improperly asks this Court to substitute for the Arizona Supreme Court.

25  (Response, #19 at 10.)

26       Habeas relief is available to a petitioner "only on the ground that he is in custody in

27  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

28  Petitioner's Ground 8 fails to make out a violation of either.  Although Petitioner asserts a

denial of due process and a fair trial, he fails to allege any misfeasance by Respondents or in his prosecution.  Rather he simply seems to regret his choice to forego some of his claims.

This claim is without merit, and must be denied.

## G.  SUMMARY

The undersigned finds that Grounds 5, 7, 9, 10, 11 and 12 were not properly exhausted, and are now procedurally defaulted.  Petitioner has failed to show cause and prejudice or actual innocence sufficient to excuse his procedural default or to avoid the effect of the procedural bars.  Accordingly, Grounds 5, 7, 9, 10, 11 and 12 must be dismissed with prejudice.

The remaining Grounds, 1, 2, 3, 4, 6, and 8 are without merit, and must be denied.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Grounds 5, 7, 9, 10, 11 and 12  of the Petitioner's Petition for Writ of Habeas Corpus, filed June 21, 2006 (#1) be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that the remainder of the Petitioner's Petition for Writ of Habeas Corpus, filed June 21, 2006 (#1) be **DENIED.**

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal

determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).


DATED: August 26, 2008

_____

JAY R. IRWIN
United States Magistrate Judge