**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL DYWANE JOHNSON, ) | No. CV-06-1583-PHX-MHM |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| MARY HENNESSY, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner *pro se*, Michael Dywane Johnson, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 21, 2006. (Dkt. #1). Petitioner sought relief on twelve grounds: (1) ineffective assistance of advisory counsel; (2) improper denial of motion for new counsel; (3) ineffective assistance of trial counsel re: communication; (4) ineffective assistance of trial counsel re: investigation; (5) violation of right to compulsory process; (6) ineffective assistance of appellate and PCR counsel; (7) insufficient evidence of prior convictions; (8) violation of right to due process and fair trial; (9) violation of due process during PCR proceeding; (10) denial of right to self-representation; (11) denial of equal protection; and (12) denial of fair trial. (Id.) The matter was referred to United States Magistrate Judge Jay R. Irwin, who issued a Report and Recommendation on August 26, 2008, recommending that the Court deny and dismiss with prejudice the Petition for Writ of Habeas Corpus. (Dkt. #29). Plaintiff filed written Objections to the Magistrate Judge's

Report and Recommendation on September 8, 2008. (Dkt. #30). Respondents filed no objection.

## I. STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1). This court must review *de novo* the factual analysis in the Report and Recommendation for those facts to which objections are filed. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

## II. DISCUSSION

Neither party filed objections to Grounds 5 through 12. Accordingly, the Court accepts the Report and Recommendation with respect to Grounds 5 through 12. See Thomas v. Arn, 474 U.S. 140, 149 (1985) (finding that district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection.")

Petitioner objects to the Report and Recommendation as to particular portions of Grounds 1, 2, 3 and 4. (Dkt. #30). These objections can be categorized as ineffective assistance of counsel objections and an objection based on federal due process for an allegedly improper denial of a motion for new counsel.

The Court will review each issue to which an objection was filed *de novo*.[1] Yet, due to the similar nature of Grounds 1, 3 and 4, the Court will address the ineffective assistance

---

[1] Petitioner filed a motion (Dkt. #31) eight days after filing his Objection (Dkt. #30), notifying the court that the contents of his Objection were submitted to the Court out of order. Petitioner lodged a corrected version of his Objection in Docket #32, which contained the exact same document as Docket #30, but with the pages in the correct order. For purposes of this Order, the Court considered his Objection based on pages numbered as they were when submitted in Docket #32.

- 2 -

1 | of counsel issues at the same time. Ground 2, improper denial of motion for new counsel, will be addressed separately.

### A. Ineffective Assistance of Counsel

Under Strickland v. Washington, 466 U.S. 668 (1984), and its progeny, "[a]n ineffective assistance of counsel claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. To establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness." Wiggins v. Smith, 539 U.S. 510, 521 (2003) (internal citations and quotations omitted). Counsel's performance is considered deficient when it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Prejudice is established when a petitioner shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A petitioner's failure to provide specific information that causes the court to have doubts about this issue will result in the denial of a claim of ineffective assistance of counsel. James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) (pointing out that a petitioner must "identify what evidence counsel should have presented" to show his innocence.). If the petitioner fails to establish prejudice, it is unnecessary for the court to address counsel's performance. Williams v. Calderon, 52 F.3d 1465, 1470 (9th Cir. 1995).

#### 1. *Counsel's Re-Appointment by the Trial Court*

As recounted in the Report and Recommendation, Petitioner's counsel, Corwin Townsend, was appointed on October 24, 2001, and failed to contact Petitioner for nearly two months after being appointed. (Dkt. #29 at 30). Petitioner filed a Motion to Dismiss Counsel and Appointment of New Counsel on December 13, 2001, due to counsel's failure to communicate. Ultimately, Townsend was once again appointed to represent Petitioner at trial. (Id.)

As discussed above, there are two prongs that must be satisfied to result in a successful ineffective assistance of counsel claim: deficient performance and prejudice. Even assuming that Townsend's performance was deficient under the standards set forth in Strickland, Petitioner has not shown that trial counsel was actually prejudicial towards the outcome of Petitioner's case. Standing alone, the fact that Townsend was appointed a second time, even assuming his earlier appointment was deficient, is not enough to result in a Sixth Amendment violation. Whether or not there has been an unconstitutional result based on the appointment of unqualified counsel is "appropriately addressed under the same rubric generally applicable to claims of ineffective assistance of counsel: the test set forth in [Strickland], actual deficient performance plus prejudice." U.S. v. Ross, 338 F.3d 1054 at 1056 (2003) (no Sixth Amendment violation found where defendant was represented by counsel who was both suspended by state bar and had never been admitted to the federal bar). Petitioner must demonstrate that Townsend was ineffective after he was re-appointed, as the fact that he may have performed deficiently prior to re-appointment is not enough to establish ineffective assistance of counsel. This Court finds that the mere fact that counsel was re-appointed over Petitioner's objection does not state a claim for ineffective assistance of counsel. Thus, the Court overrules Petitioner's objection to that portion of the Report and Recommendation and adopts the Magistrate's findings.

2. *Counsel's Failure to Call Witnesses*

Counsel's decision to call witnesses is a tactical one, and a defendant's "disagreement with trial counsel's tactical decision cannot form the basis for a claim of ineffective assistance of counsel." Wildman v. Johnson, 261 F.3d 832 at 839 (9th Cir. 2001). "Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation." Gustave v. United States, 627 F.2d 901, 904 (9th Cir. 1980). Courts "need not determine the actual explanation" for counsel's actions so long as they fall within the range of reasonable representation. Morris v. California, 966 F.2d 448 at 456-457 (9th Cir. 1991). In the instant case, trial counsel stated in an affidavit that "the witnesses Defendant wanted me to call at trial were irrelevant or detrimental to Defendant's case."

(Dkt. #21-4 at 18). Certainly, it appears as though counsel's behavior fell well within the range of reasonable representation. Particularly, since Petitioner failed to describe what testimony he expected to be elicited from witnesses he wanted to call or why such testimony would be relevant to his defense. (Dkt. #1). Indeed, in his objections, Petitioner noted that "[t]he people at the motel with petitioner that day would have come to testify that the drugs [were] for us to party with..." (Dkt. #30 at 8). Petitioner writes that "there were other potential witnesses ... as well," but gives no further description of what testimony they would have provided. (Id.) Regardless, the aforementioned statements cannot convince the Court that counsel's representation was ineffective. At best, Petitioner can only speculate as to these witnesses' testimony and this, standing alone, is insufficient. See U.S. v. Aldana, 29 F.3d 634, 1994 WL 315657 (9th Cir. 1994). "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." U.S. v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991).

Petitioner has not demonstrated how the absence of the testimony prejudiced him. The Court finds that counsel's failure to call witnesses suggested by Petitioner does not amount to ineffective assistance of counsel under Strickland, and therefore, overrules Petitioner's objection to that portion of the Report and Recommendation, and adopts the Magistrate's findings.

### 3. *Counsel's Failure to Investigate the Basis for a Motion to Suppress*

Petitioner argues that counsel was ineffective for failing to investigate the basis for a motion to suppress, but Petitioner's objection contains no discussion of what the basis for such a motion may have been. (Dkt. #30). In his Affidavit, trial counsel stated that "after evaluating the facts of Defendant's case and the law, I determined that a motion to suppress was not appropriate because the traffic stop was lawful." (Dkt. #21-4 at 18). Petitioner has set forth nothing in his objection or elsewhere to demonstrate that counsel's decision regarding a hypothetical motion to suppress was in error.

1    "[I]n order to show prejudice when a suppression issue provides the basis for an
2 ineffectiveness claim, the petitioner must show that he would have prevailed on the
3 suppression motion, and that there is a reasonable probability that the successful motion
4 would have affected the outcome." Van Tran v. Lindsey, 212 F.3d 1143, 1156 (9th Cir. 2000)
5 *overruled on other grounds*, Lockyer v. Andrade, 538 U.S. 63, 71 (2003) (citing Kimmelman
6 v. Morrison, 477 U.S. 365, 375 (1986)). In the instant case, Petitioner has shown neither of
7 these. Even if filing a suppression motion might have been justified under the facts of the
8 instant case, the Court notes that Petitioner has made no showing that such a motion would
9 have succeeded, or, had it succeeded, that it would have even affected the outcome of his
10 trial. Therefore, the Court overrules Petitioner's objection on this issue and adopts the
11 Magistrate's findings.

### 4. *Counsel's Failure to Develop Other Defenses*

13    Petitioner argues that trial counsel was ineffective for failing to develop alternative
14 lines of defense. Unfortunately, in his Petition, Petitioner did not identify defenses that may
15 have been available, aside from what was actually used by his counsel at trial. (Dkt. #1).
16 Magistrate Judge Irwin pointed this out, and in Petitioner's objection, Petitioner asserts that
17 the mere presence defense was available and was a "more reasonable defense" than what was
18 actually presented at trial (Dkt. #30 at 8). Counsel, however, states that the mere presence
19 defense "was not an appropriate defense to present at trial based on the facts that would be
20 adduced at trial." (Dkt. #21-4 at 18).

21    "Conclusory allegations which are not supported by a statement of specific facts do
22 not warrant habeas relief." James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994), *cert. denied, sub.*
23 *nom* James v. White, 513 U.S. 935 (1994). "Counsel [does] not have a duty to pursue every
24 possible line of defense where [he] reasonably [does] not believe [the defendant's] interests
25 would be advanced." Iaea v. Sunn, 800 F.2d 861, 865 n. 4 (9th Cir. 1986) (citing Tollet v.
26 Henderson, 411 U.S. 258, 267-68 (1973)). Because Petitioner has failed to support his
27 conclusions with specific facts that establish that counsel's performance was inconsistent
28 with sound trial strategy, Petitioner has failed to meet the two-part Strickland test. The

1 | Court, therefore, overrules Petitioner's objection on this issue, and adopts the Magistrate's
2 | findings..

### 5. *Counsel's Failure to Advise Regarding the Plea Agreement*

Strickland's recognition of the right to effective assistance of counsel extends to the consideration of a guilty plea. Nunes v. Mueller, 350 F.3d 1045 (9th Cir. 2003). In Nunes, the Ninth Circuit held that a viable ineffective assistance claim exists where "(1) [the defense] attorney gave [the defendant] the wrong information and advice about the state plea's offer and (2) that if [the defendant] had instead been informed accurately, he would have taken the bargain." Id. at 1054. Prejudice occurs only when a favorable plea offer is actually rejected, and such rejection is factually supported by the defendant's swearing "that he would have accepted the plea offer if it had been accurately conveyed to him, and explained why that was so." Id. at 1055-1056.

In his objection, Petitioner argues that he did not have the information necessary to make an "informed choice to proceed to trial instead of [taking the] offered plea." (Dkt. #30 at 18). Petitioner claims that he was advised that "if you go to trial you can get (x) amount of years but if you take the plea you can get (y) amount of years and this charge will be dismissed." (Id.) Petitioner also claims that "it's not that counsel advised ... incorrectly. It's [that Petitioner] was not consulted or [conferred] with about defense or trial tactics." (Id. at 20). Petitioner alleges that if he would have known counsel was not going to use his preferred defenses, evidence, and witnesses, he would not have chosen to go to trial. (Id. at 20). This essentially restates what Petitioner asserted in his habeas petition. (Dkt. #1 at 8).

Petitioner has made no showing that counsel misrepresented anything regarding the terms of the plea offer or his trial prospects. In fact, a close reading of Petitioner's objections reveals that defense counsel actually encouraged Petitioner to accept the plea. At the April 2, 2002 hearing where Petitioner presented his motion for new counsel, counsel remarked, "[j]ust so you know, I have communicated on several different occasions. I think Mr. Johnson ought to resolve this case with the plea agreement we have already signed up for.

So I don't think that it should go to trial in this case." (Dkt. #26-3 at 8-9). Petitioner offers nothing to refute these facts.

Overall, Petitioner has made no showing that counsel gave him incorrect information or advice regarding the plea agreement. As such, the Court denies Petitioner's objection on this issue and adopts the findings of the Report and Recommendation.

**B. Improper Denial of Motion for New Counsel**

In Ground 2, Petitioner argues that the trial court improperly denied his April 2, 2002 motion to appoint new counsel, which was filed two days before trial at a status conference. (Dkt. #1 at 6). Petitioner argues that an adequate inquiry was not made into the allegations supporting the motion, and that his due process rights were violated by the state court's failure to hold a "full hearing" on the matter. (Dkt. #30 at 11). Petitioner argues that "the record does not relate that both petitioner and counsel were heard on this motion..." (Id. at 14). Petitioner also states that "the trial court must [permit] the defendant to explain the basis of his contention and to relate specific instance of the attorney's inadequate [performance]. (Id. at 15). Finally, Petitioner claims that the state court "conducted no inquiry into the basis for the motion" and abused its discretion. (Id. at 16).

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424 U.S. 319, 333 (1976). The Constitution requires "an opportunity . . . granted at a meaningful time and in a meaningful manner, for (a) hearing appropriate to the nature of the case. The formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings." Boddie v. Connecticut, 401 U.S. 371, 378-379 (internal citations and quotations omitted). Federal courts may only grant habeas relief if a state court's decision is "contrary to, or involve[s] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); see also Lockyer v. Andrade, 538 U.S. 63, 73-75, 123 S.Ct. 1166, 115 L.Ed.2d 114 (2003). In determining whether a state court violated a habeas petitioner's right of due process, the habeas court must determine whether the error "had

substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 638 (1993).

To the extent Petitioner claims that it was error for the trial court to have not conducted a full hearing under the circumstances as mandated by Arizona law to determine his lawyer's competency, that claim is a state law claim, and, as such, is beyond the purview of federal habeas law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to re-examine state court determinations of state law questions.").

Even if Petitioner had couched his argument under a theory of federal due process, he cannot support a claim that federal due process required the state court to conduct a "full hearing" on his allegations regarding his lawyer's performance. When Petitioner presented the state court with his motion for new counsel, the court inquired as to why he was filing. (Dkt. #21-4 at 4-5). In response, Petitioner did not claim irreconcilable conflict between counsel and himself. Petitioner only stated, "Because we are supposed to be going to trial today, and I haven't talked to my lawyer since the last court date. I don't even have witnesses . . . This is the first time we talk about the case when we come to trial. When we come to court, this is the only time we talk . . . He don't come see me. I don't know what our defense is. We don't discuss the case nowhere." (Id. at 5). Both Petitioner and his counsel were heard briefly on his motion, and Petitioner voiced his concerns regarding his contact with counsel and lack of knowledge of his defense. Counsel stated that he had "discussed these issues with Mr. Johnson over and over again." (Id.) Upon receipt of Petitioner's motion for new counsel, and after hearing from both Petitioner and counsel, the state trial court denied the motion. (Id.) The trial court noted that the case had a "tortured history" with respect to Petitioners's repeated and meritless requests for new counsel. Given the history of this case, federal due process did not require the trial court to hold a full evidentiary hearing relating to Petitioner's untimely request for new counsel.

Furthermore, even if the trial court committed constitutional error in denying Petitioner's request for a hearing, there is nothing in the instant petition to suggest that

1 Petitioner would have succeeded in his attempt to secure new counsel. Indeed, Petitioner
2 cannot identify any additional information that he would have provided to the trial court,
3 separate and apart from that which he raised at the status conference. Also, as the Report and
4 Recommendation makes clear, "Petitioner's own records reflect that he was being less than
5 candid with the court, having in fact met with counsel at the jail at least twice before..."
6 (Dkt. #29 at 32, Dkt. #21-2 at 8).

7 Thus, Petitioner has failed to show that the absence of a more protracted hearing to
8 determine the fitness of defense counsel resulted in a denial of due process, nor has Petitioner
9 shown how the absence of such a hearing prejudiced him. Accordingly, this Court denies
10 Petitioner's objection regarding this issue, and adopts the findings of Magistrate Judge Irwin.

11 **Accordingly,**

12 **IT IS HEREBY ORDERED** granting Petitioner's Motion for Leave to File Two
13 Copies of Objection to Report and Recommendation. (Dkt. #31).

14 **IT IS FURTHER ORDERED** overruling Petitioner's Objections to the Magistrate
15 Judge's Report and Recommendation. (Dkt. #30).

16 **IT IS FURTHER ORDERED** adopting the Magistrate Judge's Report and
17 Recommendation in its entirety as the Order of the Court. (Dkt. #29).

18 **IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus
19 is denied and dismissed with prejudice. (Dkt. #1).

20 **IT IS FURTHER ORDERED** that Petitioner's Motion for the Court to Hear
21 Petitioner's Pending Unaddressed Motion is denied as moot. (Dkt. #33).

22 **IT IS FURTHER ORDERED** that Petitioner's Motion to Compel Court to Hear
23 Pending Pro Se Motions is denied as moot. (Dkt. #35).

24 **IT IS FURTHER ORDERED** that Petitioner's Motion to Correct the Record of
25 Petitioner's Filings is denied as moot. (Dkt. #36).

26 / / /

**IT IS FURTHER ORDERED** directing the clerk to enter judgment accordingly.

DATED this 29th day of June, 2009.

_____
Mary H. Murguia
United States District Judge